## GETCHEL v. THE CHICAGO JUNCTION RAILWAY COMPANY.

[No. 4,326.   Filed June 24, 1902.]

APPEAL AND ERROR.—*Trial.*—*Directing Verdict.*—*Instructions.*—To present for review the action of the court in directing a verdict, the court's direction must be brought into the record by the method of making instructions to the jury a part of the record.  *pp. 410, 411.*

SAME.—*Instructions.*—Instructions given or refused can not be made part of the record on appeal by an original bill of exceptions. *p. 411.*

From Porter Superior Court; *H. B. Tuthill,* Judge.

Action by Edward A. Getchel against the Chicago Junction Railway Company for damages for personal injuries. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*C. F. Griffin,* for appellant.

*A. W. Hatch, Winston & Meagher, F. R. Babcock* and *S. H. Strawn,* for appellee.

BLACK, J.—In the appellant's action against the appellee for the recovery of damages for a personal injury, a verdict was returned in favor of the appellee, and the court overruled the appellant's motion for a new trial. This ruling is assigned as error. The causes for a new trial were stated in the motion thus: "(1) That the court erred in sustaining the defendant's motion to instruct the jury to find for the defendant; to which ruling of the court the plaintiff at the time objected and excepted; (2) that the court

erred in instructing the jury in said cause, over plaintiff's objection, to find for the defendant; to which ruling and instruction of the court the plaintiff at the time objected and excepted." The motion referred to in the first cause for a new trial was in substance a request of the defendant for an instruction, and the mere sustaining of the motion worked no injury; but the substantial and available error, if any, was in instructing the jury to find for the defendant. To present such action of the court on appeal it was necessary to bring into the record the court's direction to the jury in some legitimate method for making an instruction to the jury a part of the record. *Hall* v. *Durham,* 109 Ind. 434; *Jacobs* v. *Jolley,* 29 Ind. App. 25.

The appellant has sought to make the action of the court part of the record by bill of exceptions, wherein the instruction is set out. The bill is one containing also the evidence as reported and transcribed by the official reporter of the court, being an original bill. The original bill of exceptions which under the statute (Acts 1897, p. 244, §638a Burns 1901) may be embraced in the transcript on appeal, instead of a copy thereof, is one containing the evidence and all rulings of the court in respect to the admission and rejection of evidence, and the competency of witnesses, and the objections and exceptions thereto. Instructions given or refused can not be made part of the record on appeal to this court by an original bill of exceptions. *Leach* v. *Mattix,* 149 Ind. 146; *Maynard* v. *Waidlich,* 156 Ind. 562; *Andrysiak* v. *Satkoski,* 159 Ind. —; *City of New Albany* v. *Lines,* 21 Ind. App. 380; *Hamilton* v. *Estate of Hamilton,* 26 Ind. App. 114; Ewbank's Manual, §35.

Judgment affirmed.