SOUTHERN INDIANA RAILWAY COMPANY *v.* OSBORN.

[No. 5,796. Filed June 19, 1906. Rehearing denied January 8, 1907.]

1. PLEADING.—*Complaint.*—*Railroads.*—*Allegations that Engineer Was in Charge of Engine.*—*Recitals.*—A complaint showing that the collision causing the injuries "was brought about by the carelessness of defendant's engineer * * * in charge of said locomotive on which plaintiff was working; * * * that said injury occurred on a curve and said engineer was on the inside of said curve, and said train on which plaintiff was riding and which collided, was in plain view from said engineer's side," sufficiently alleges that said engineer was in charge of the engine. p. 335.

2. EVIDENCE.—*Others Injured in Railroad Wreck.*—*Character of Collision.*—Evidence of the number of people injured in a railroad wreck is admissible, in an action for injuries sustained in such wreck, to show the force and character of such wreck. p. 337.

3. SAME.—*Visibility of Approaching Train.*—Evidence that there was no obstruction between an engineer and an approaching train and that the approaching train could be seen from such engineer's window, is admissible in an action by such engineer's fireman for injuries sustained by the collision of such trains. p. 338.

4. SAME.—*Railroads.*—*Collisions.*—*Engineer's Admissions.*—*Res Gestae.*—Admissions of an engineer as to the cause of a wreck are not admissible against the company unless a part of the

*res gestae;* but where there is uncontradicted evidence warranting the inference of such engineer's negligence as the cause, the admission of such engineer's statement, made from twenty to forty-five minutes after the collision, is harmless error, pp. 338, 341.

5. TRIAL.—*Instructions.—Employers' Liability Act.—"Due Care and Diligence."*—An instruction that the servant, to recover under the provisions of the employers' liability act (§7083 Burns 1901, Acts 1893, p. 294, §1), providing that servants under certain circumstances and when "in the exercise of due care and diligence" may recover for injuries, must have been in the exercise of "due care," is not bad, since "due care" includes "diligence." p. 339.

6. SAME.—*Assuming Facts.—Railroads.—Defective Works and Ways.*—An instruction that if the jury find that plaintiff was injured and that such injury occurred because of defective condition of defendant's works and ways in that there was no provision for signaling trains or any telegraph or telephone the verdict should be for plaintiff if he was in the exericse of due care, is not misleading as an assumption of defendant's negligence   p. 340.

7. MASTER AND SERVANT.—*Employers' Liability Act.—Railroads. —Engineers. — Firemen. — Fellow Servants.* — Under the employers' liability act (§7083 Burns 1901, Acts 1893, p. 294, §1) railroad companies are liable to a fireman for injuries received because of the negligence of his engineer.  p. 340.

8. TRIAL. — *Instructions. — Peremptory.—Evidence.*—A peremptory instruction for defendant should not be given where there is some evidence to support plaintiff's case.  pp. 340, 342.

9. SAME.—*Instructions Refused Covered by Those Given.*—It is not error to refuse to give a requested instruction substantially covered by those given.  p. 341.

10. RAILROADS.—*Collisions.—Engineer's Failure to Look.—Evidence.*—A railroad company is liable to a fireman injured in a collision caused by the negligence of the engineer in failing to see an approaching train.  p. 341.

11. APPEAL.—*Right Result.*—Where a right result on the merits is reached by the trial court, its judgment will not be disturbed.  p. 341.

12. TRIAL.—*Witnesses.—Failure of Party to Produce.—Inferences.—Evidence.*—The failure of a party to produce or account for an important witness whom he could secure may properly be considered by the jury in determining the merits of the case.  p. 342.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by John W. Osborn against the Southern Indiana Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Brooks & Brooks, C. E. Ritsher* and *W. T. Abbott,* for appellant.

*Henry P. Pearson,* for appellee.

COMSTOCK, P. J.—Action for personal injuries received by appellee in a collision between two locomotive engines on appellant's railroad. Appellee was a fireman on one of the engines. It was alleged that appellant and its engineer in charge of the engine on which appellee was riding, were negligent in not keeping a lookout and in running the engine at a dangerous and excessive speed. The complaint is in three paragraphs. The first is under the employers' liability act (Acts 1893, p. 294, §1, cl. 4, §7083 Burns 1901), and is founded upon the negligence of the engineer in charge of the locomotive. The second is under the same clause of the statute, but avers the negligence to have been that of one Coyl, alleged to have been in charge of appellant's switch yard. The third alleged that the collision was brought about by defects in the appellant's ways, works, etc.

The cause was put at issue by general denial, a trial had by jury, and a verdict for $500 returned in favor of appellee. The appellant relies for reversal upon the

1.   action of the court in overruling its motion for a new trial and in overruling its demurrer for want of facts to the first paragraph of the complaint. In support of its demurrer to this paragraph appellant claims that inasmuch as it is based upon the theory of the negligence of Gibson, the engineer, it should aver that he was in charge of the engine; but that this fact is only made to appear by recital. Among the averments of this paragraph of the

complaint are the following: "That said collision was brought about by the carelessness of defendant's engineer, Raymond Gibson, in charge of said locomotive on which plaintiff was working at the time while plaintiff was in the service of said defendant and in the exercise of due care and diligence; that the train on which plaintiff was working was a work and freight-train and was on what is known as the Sullivan branch of said road; that the train on which he was working as such fireman was going in the direction of Sullivan; * * * that said injury occurred on a curve, and said engineer was on the inside of said curve, and said train on which plaintiff was riding and which collided was in plain view from said engineer's side but not in plain view or in view at all from the fireman's side; that said engineer had full charge of said locomotive which was at said time on one of appellant's railways; that plaintiff could not see said approaching train, and especially was he totally in the dark with reference to same because of the performance of his duties as hereinbefore set forth." These averments fully meet the objection made.

The grounds set out in the motion for a new trial are that the verdict was contrary to law, and was not sustained by sufficient evidence, errors in rulings on the evidence, and in giving instruction four and in refusing to give certain other instructions. The following is a substantial statement of the evidence material to a consideration of the motion for a new trial: Appellee was a locomotive fireman on appellant's engine No. 18, of which Raymond Gibson was the engineer. At the time of the accident the engine, with a caboose attached, in which were the men of the pile-driver crew, was running on the Sullivan branch of appellant's railroad. This branch of the railroad had been in use for three or four months for hauling coal. Engine No. 18 left the main line and went on the branch between 6 and 7

o'clock a. m., and had run about one and one-half miles, and while running about twenty or twenty-five miles an hour came in collision with engine No. 25, drawing several loaded coal-cars. Engine No. 25 was backing. The effect of the collision was to damage both engines. Immediately after the collision the engines were apart about a rail's length. No one testified as to the cause of the engines' parting; whether one or both were reversed. Appellee was thrown down in the gangway of the engine, the coal in the tender falling on him. It was from twenty to forty-five minutes before appellee was taken from under the coal. He received injuries which were described by himself and others. He was not able to work for several weeks. He received permanent injuries. At the time of the trial he was a locomotive fireman on the Monon. The only persons to receive orders for the running of the train were the conductor and engineer. There was no telegraph or telephone line on the Sullivan branch, nor any schedule for trains or engines. There is no evidence that they were given orders or warning from the yardmaster or anyone else as to the running of the train. At the time of the collision appellee had gotten down from his seat and was about to put coal in the fire. He did not see the approaching engine. Engineer Gibson was on the inside of the curve in his cab, and could have seen an approaching train for a quarter of a mile. He was talking with Smithers and Stafford immediately before the accident.

During the examination of Smithers, he answered the following questions: "Tell the jury how many were hurt in that wreck and how they were hurt. A. I do not know. Everybody around there was hurt. Who were the two conductors? A. O'Day was ours. Was he injured? A. Yes, he was injured." These questions were answered over the objection of the appellant, and its motion to strike out the portions of the testimony of the witness relative to the injury of the other persons

was overruled. As tending to show the force of the collision and the extent of the accident, it was not error to admit these questions.

Appellee, on his own behalf, was asked: "Do you know anything that prevented the engineer from seeing down the track?" Appellant's objection to the same was 3. overruled, and he answered: "No, sir; I do not know why he did not see the train. If he had been looking he could have seen the engine. I could have seen if I had been on that side." The testimony of witnesses must as a general rule be confined to the statement of facts. Where the facts can be fully placed before the jury, opinion evidence is incompetent, if the facts are of such a nature that juries are as well qualified to form an opinion upon them as witnesses. The question called for the statement of a fact—the witnesses's knowledge of any obstruction on the track. A portion of the answer was also the statement of a fact, and altogether it merely states that there was nothing to prevent the engineer from seeing the approaching locomotive if he had looked. It must have been so understood by the jury. *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 414.

Appellee was also asked the following question: "I will ask you if you had any talk with the engineer at the time of the accident as to who was to blame for the acci- 4. dent." The question was objected to as not a part of the transaction, and that it called for a conclusion and not a fact. The objection was overruled and the witness answered: "Gibson said: 'Look what I have done through my own carelessness;' and was crying." The appellant moved to strike out the answer of the witness, because it was hearsay, and not *res gestae,* and not responsive to the question, and was the opinion of the witness, and not a statement of fact. Which motion was overruled. Upon further examination of the witness, it appeared that this statement was made after the appellee had been taken

from under the coal, and after Stafford, who was killed, had been taken out of the wreck, and from twenty to forty-five minutes after the accident. We need cite no authority in support of the proposition that the admissions of an agent made after an event, to which they refer, has transpired, cannot be received as evidence to bind his principal, unless they are so immediately connected therewith as to become a part of the *res gestae.* Whether statements are a part of a transaction are often questions difficult of solution. We do not deem it necessary to decide in this instance whether the statement made in answer to the question was a part of the transaction. Whether it be construed as the narration of a past event in admitting his negligence, or an expression of regret, it was harmless, because there was evidence uncontradicted from which the jury could have fairly inferred the negligence of the engineer. *Hopkins* v. *Boyd* (1897), 18 Ind. App. 63, 78. The engineer was not a witness.

Instruction four, objected to, is as follows: "The laws of the General Assembly of Indiana of 1893, contain an act in force in this State today: 'That every railroad or other corporation, except municipal, operating in the State, shall be liable for damages for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, in the following cases.' [Acts 1893, p. 294, §1, §7083 Burns 1901.] Said act then enumerates four cases where the company will be liable. Clause one of said act reads as follows: 'When such injury is suffered by reason of any defect in the condition of ways, works, plant, tools and machinery connected with or in use with the business of said corporation, when such defect was the result of negligence on the part of the corporation or some person entrusted by it with the duty of keeping such ways, works, plant, tools or machinery in proper condition.' If therefore, gentlemen of the jury, you find from

the evidence in this case that plaintiff has been injured and that such injuries were brought about by reason of any defect in the condition of ways, works, plant, tools and machinery as set forth in said first clause just read, in that there was no provision for signaling trains, or any telegraph or telephone, and that plaintiff, while in the exercise of due care and while in the service of defendant, was thereby injured, then your verdict should be for the plaintiff in such amount as the law and the evidence warrants." The objections made to the instruction are that it charges the jury to find for the plaintiff if he exercises "due care," but omits the equally important factor of "diligence," and that it assumes that the absence of telephones and telegraph was negligence. Due care embraces diligence, and the conditional statement with reference to provision for signaling trains, in view of the allegation of the third paragraph of complaint, could not have misled the jury.

The sixth instruction refused would have told the jury that at the time of the accident the engineer, Gibson, and the plaintiff were fellow servants, and if the plaintiff's injuries were caused by the negligence of Gibson the plaintiff could not recover. Under the employers' liability act the appellant was made liable for the negligence of the engineer.

Instruction seven, refused, instructed the jury to find for the defendant on the first paragraph of the complaint; eight, refused, to find for the defendant on the second paragraph; nine, refused, to find for the defendant on the third paragraph of the complaint. There was some evidence fairly tending to support each one of these paragraphs, and it was therefore not error to refuse these instructions.

Appellant also complains of the refusal of the court to give instruction ten. From the transcript it appears that

said instruction was given, but if it had been refused, in view of other instructions which were given by the court, there would have been no reversible error.

The record presents a case of a day-time collision. There is evidence that appellee has suffered permanent injuries, though not of the most serious character, without negligence on his part, while in the discharge of his duty, and negligence upon the part of the appellant, and under the letter and spirit of the statute upon the whole record the judgment should be affirmed.

Judgment affirmed.

## CONCURRING OPINION.

WILEY, J.—I concur in the conclusion, but am of the opinion that the admission of evidence as to what the engineer of the locomotive upon which appellee was fireman said after the accident was erroneous. The evidence shows that the statement of the engineer was made about forty-five minutes after the accident, and if so it was not a part of the *res gestae,* and should not have been admitted.

## ON PETITION FOR REHEARING.

PER CURIAM.—The statement after the accident, of the engineer Gibson, admitted in evidence, is held, in the opinion, to be harmless, upon the ground that the negligence of Gibson was shown by other uncontroverted evidence. In the petition for rehearing it is claimed that the record does not warrant this statement.

The uncontradicted evidence shows that the engine, at the time of the accident, was running at the rate of from twenty to twenty-five miles an hour; that if the engineer had been looking he could have seen the approaching train one-quarter of a mile away; that when the collision occurred, or immediately before, as put by one of the witnesses, he was talking to Stafford, who was in the cab of

the engine, and who was killed in the same accident in which the appellee received his injuries. The engineer was not called as a witness. It is in evidence that he applied the air brake, but not in time. Questions were addressed to the attorney for appellee intending to show that he had attempted to procure the attendance of said Gibson, but to these questions objections were sustained. The absence of the engineer was not accounted for. Juries have the right to draw reasonable inferences from facts proved, and from the facts appearing in evidence the jury can fairly, in the absence of contradictory or explanatory evidence, draw the conclusion that the engineer was negligent.

It is also claimed that there was no evidence to sustain the second paragraph of the complaint, and that therefore the court erred in refusing to give instruction eight, requested by appellee, to find for appellant on said paragraph. Appellee testified that, on the morning of the accident, Coyle, who was the yardmaster, did not give appellee or any of the train crew any information as to another train on the branch road, and that he knew that the engineer did not know it. This evidence was, of course, not conclusive. It may have been given to the conductor. Coyle was not called as a witness. In fact, appellant introduced but one witness, Dr. McDonald, and he testified only as to the physical injuries of appellee. The jury had the right to consider the unexplained absence of witnesses and the failure of appellant to submit evidence presumably within their knowledge.

Each paragraph was sufficient to withstand a demurrer, and if there was evidence tending to support either of them the verdict ought not to be disturbed for the refusal to give this instruction.

Petition overruled.