## AMERICAN COAL MINING COMPANY *v.* KNIGHT.

### [No. 11,290. Filed May 31, 1923.]

1. APPEAL.—*Presenting Questions for Review.—Assignment of Error.—Instructions.—Motion to Direct Verdict.*—The overruling of a motion for a directed verdict is not a proper assignment of error, as all questions concerning the giving and refusal to give instructions must be presented through the medium of a motion for a new trial. p. 32.

2. APPEAL.—*Review.—Harmless Error.—Overruling Motion to Separate Complaint into Paragraphs.*—Any error in overruling a motion to separate the complaint into paragraphs is not cause for reversing the judgment. p. 33.

3. APPEAL.—*Briefs.—Presenting Questions for Review.—Defects not Cured by Reply Brief.*—Where there is a failure to apply a particular point in the original brief to any particular ground relied on for reversal, the deficiencies of the original brief cannot be aided by making application in the reply brief. p. 33.

4. APPEAL.—*Briefs.—Questions Presented for Review.—Evidence.—Sufficiency.*—Points in appellant's brief *held*, sufficient to present for review the question of the sufficiency of the evidence to sustain the verdict. p. 34.

5. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.—Proximate Cause.*—In an action by a miner to recover for the loss of an eye, while removing top-coal hanging to the roof of the mine, evidence *held* sufficient to support the allegations of the complaint and establish the employer's negligence as the proximate cause of the injury. p. 37.

From Sullivan Circuit Court; *Guy H. Humphreys,* Special Judge.

Action by Alvin A. Knight against the American Coal Mining Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor* and *G. W. Buff,* for appellant.

*Curtis G. Shake, Joseph W. Kimmel, C. D. Hunt, J. W. Lindley* and *Charles H. Bedwell,* for appellee.

McMAHAN, J.—Complaint by appellee to recover damages for personal injuries alleged to have been caused by the negligence of appellant. The cause was tried by a jury and resulted in a verdict and judgment for appellee.

The errors assigned for reversal are that the court erred: (1) in overruling appellant's motion to separate the several causes of action as stated in the second and third paragraphs of complaint; (2) in overruling motion to strike out parts of the second and third paragraphs of complaint; (3) in overruling motion to make the second and third paragraphs more specific; (4) in overruling motion for a continuance; (5) in overruling demurrer to second and third paragraphs of complaint; (6) in overruling motion to instruct the jury to return a verdict for appellant; and (7) in overruling motion for a new trial.

Appellee contends that appellant has presented no question for our consideration for the reason that it has failed to comply with clause 5, of Rule 22 concerning the preparation of briefs. While it is true appellant has not strictly followed the rule, still its brief contains enough and is so arranged as to advise the court that certain propositions and points set out in the brief relate and refer to certain of the errors assigned. We will therefore consider such questions as in our judgment are properly presented.

The action of the court in overruling the motion to strike out parts of the complaint is not reversible error. 1 Watson, Revision Works Practice §849. No question

is presented as to the third, fourth and fifth assignments of error. The overruling of a motion asking the court to instruct the jury to return a verdict for the defendants is not a proper assignment of error. All questions concerning the giving and the refusal to give instructions must be presented through the medium of a motion for a new trial and not otherwise.

Appellant's main contention is that the verdict of the jury is not sustained by sufficient evidence and that its motion for a new trial should have been sustained for that reason. In support of this contention appellant insists that the evidence is such that we as a matter of law can and must say that there was no liability on the part of appellant because of the injury suffered by appellee.

Appellant in its reply brief, after having had its attention called to alleged defects in its brief, instead of asking leave to correct the same so as to comply with the rule contents itself by stating that—"where some points in appellant's brief are so worded that the error referred to, cannot be readily understood, and other points are stated and worded so that the court can readily understand from the language used, the error referred to, the court will consider those errors properly referred to and disregard only those errors not properly referred to therein."

It then calls attention to points 1, 2, 3, 4, 5 and 14 in its original brief and insists that they are sufficient to inform the court as to the particular assigned errors, to which they are applicable. No attempt has been made to apply any of the other points to any alleged error and in the absence of any claim on the part of appellant that they are applicable to any certain cause assigned as error we will confine our discussion to a consideration of points 1, 2, 3, 4, 5 and 14.

Appellant says that points 1, 2 and 3 relate to the overruling of its motion to require appellee to separate the several alleged causes of action in each of the second and third paragraphs of complaint into separate paragraphs and to number them.

Conceding this to be true, it is the settled rule in this state that any error in overruling a motion to separate a complaint into paragraphs is not cause for reversing the judgment on appeal. *Aetna Ins. Co.* 2. v. *Indiana Nat. Life Ins. Co.* (1921), 191 Ind. 554, 133 N. E. 4, 22 A. L. R. 402; *Huntington Light, etc., Co.* v. *Spell* (1916), 185 Ind. 30, 111 N. E. 311; *Richwine* v. *The Presbyterian Church* (1893), 135 Ind. 80, 34 N. E. 737; *Wabash, etc., R. Co.* v. *Rooker* (1883), 90 Ind. 581; *Adams* v. *Antles* (1914), 57 Ind. App. 594, 105 N. E. 931.

Appellant also contends that point one relates to the action of the court in overruling its motion for a new trial. After carefully studying appellant's orig- 3. inal brief we were inclined to the opinion that it was the intention of appellant by this point to challenge the sufficiency of the evidence to sustain the verdict, but appellant in its reply brief insists that it relates to the action of the court in refusing to give instructions Nos. 58, 59, 60, 61, 62 and 63 tendered by it. No attempt was made in the original brief to apply it to the refusal to give any of such instructions, and it is not possible to learn from such brief that it was intended to be so applied. Where there is an entire failure to apply a particular point in the original brief to any particular ground relied on for reversal and the court is not able to say that such point clearly relates to a certain alleged error, the deficiencies of the original brief cannot be aided by making the application in the reply brief. We hold there has been no reversible error

shown in the refusal to give the above numbered instructions. Appellant contends that point four in its brief challenges the correctness of the action of the court in refusing to direct the jury to return a verdict in its favor. We hold otherwise.

Appellant in its reply brief also calls attention to points 5 and 14, which read as follows: "5. The evidence as well as the complaint must show a causal connection between the negligence charged and the injury before the plaintiff will be entitled to recover." "14. The evidence is wholly insufficient to show that appellant had any reason to anticipate appellee's injury as result of appellant's failure to warn appellee of the dangers or by reason of the lack of props and timbers in appellee's room," and says that point 5 clearly refers to the insufficiency of the evidence to sustain the verdict, and that 14 raises the question as to the sufficiency of the evidence to warrant a verdict on account of failure to warn appellee of the dangers or because of lack of props and timbers. We are of the opinion that points 5 and 14 present the sufficiency of the evidence to sustain the verdict. In support of point 5 appellant insists that the evidence fails to show that the negligence charged in the complaint was the proximate cause of appellee's injury.

The cause was tried on the second and third paragraphs of complaint, the first paragraph having been dismissed before trial. The second paragraph after alleging that appellant was a corporation engaged in operating a coal mine wherein it employed about 700 men, and that it had rejected, and exempted itself from the operation of the Workmen's Compensation Act (Acts 1915 p. 392, §8020l et seq. Burns' Supp. 1921), alleged, in substance, that appellee, while in the employ of appellant as a coal miner, and while in the line of his duty, was struck in his right eye by a piece of coal and by

reason thereof he lost the sight of that eye; that appellee was employed as a coal loader whose duty was to mine and load coal from the face of the mine on mine cars so the same could be taken out of the mine; that in the process of his work it was found that the top or roof of the room wherein appellee was working had a defect known as a slip, which rendered the place unsafe; that after appellee had removed the coal from under that part of the roof where the slip existed, appellant, through its mine boss, ordered appellee to drill and place shots so that when such shots were exploded they would leave a strata of hard coal clinging to the roof, which appellee did; that appellant had in its employ a class of workmen known as "jerrymen" whose duty it was to render and make safe rooms and work places in said mine, after the coal had been mined out; that the work of such "jerrymen" was dangerous and required men of skill and experience and required special tools, appliances and explosives to perform such work; that it was the duty of such "jerrymen" to take down and remove all top-coal, slate and boulders left hanging to the roof after the coal had been mined out by the loaders, and secure and make safe all slips where the coal had been removed from under such slips; that the usual and customary method of removing top-coal hanging to the roof was by means of shots of a special explosive and that it was dangerous to take down or attempt to take down any of such top-coal by any process other than by shooting the same down, all of which was and for a long time had been well known to appellant; that the mine boss employed by appellant and whom appellee was required to obey, negligently ordered appellee to take and shear down the top-coal hanging down in the room where appellee had been by means of picks, wedges and crowbars; that in so doing appellee used a pick in order to cut a groove in the top-coal

whereby it could be pried down and caused to fall; that such top-coal was hard and brittle and small pieces would break and fly off when struck with a pick; that the top-coal where appellee was working was about six feet above the floor of the mine so that in cutting such groove appellee was required to work with his pick overhead and to hold his head in such a position that he could see what and where he was striking; that appellee was employed only as a loader and was working in said mine without a license and had no practical experience as a "jerryman" or in taking down top-coal which was known to appellant at the time it ordered appellee to take down such top-coal; that appellant negligently failed to warn appellee of the dangers incident to taking down such top-coal; that appellee, while complying with the orders and directions of the mine boss and through the negligence of appellant was injured by a piece of coal striking him in his eye.

The third paragraph is in substance the same as the second. The only material difference being that this paragraph alleges that appellee had removed the top-coal out from the "slip" in the roof to a distance of about twelve feet, and that the roof of the mine at that place had been in a dangerous and unsafe condition for more than five days before the day when appellee was injured, and that the roof during all that time had been in need of props and timbers to support and maintain the roof so as to prevent it from falling; that appellant knew of such condition but negligently failed to furnish such props and timbers and that the mine boss negligently ordered and directed appellee to remove and take down the top-coal which was hanging to the roof of the mine as alleged in the second paragraph of complaint.

The evidence is ample to support all of the allegations of both paragraphs of the complaint. And as we un-

derstand the contention of appellant as expressed in points 5 and 14 appellant does not claim the evidence is not sufficient to support the complaint. Its contention is that the negligence charged and proven was not the proximate cause of appellee's injury. The allegations in the third paragraph of complaint and the proof relative to the necessity of having props and timbers to support the roof of the mine and the failure to furnish the same are introductory to the allegations and proof of the reason why appellee was required to do the hazardous work ordinarily performed by the "jerrymen."

We are not impressed with the contention that appellant's negligence was not the proximate cause of the injury.

Judgment affirmed.

Nichols, J., not participating.