## O'DELL v. MILLER.

[No. 14,747. Filed September 27, 1934. Rehearing denied December 15, 1934.]

Shuler McCormick, for appellant.

Kessinger, Hill & Arterburn, and Emmett S. Huggins, for appellee.

DUDINE, J.—This was a suit for damages instituted by appellant, by his next friend, against appellee.

The complaint alleged appellee was employed by the trustee of Vincennes township to transport children of high school age living in the neighborhood where appellant lived, including appellant, to high school in Vincennes, in a conveyance belonging to appellee; that the bus which appellee used for that purpose was fitted with a door for the ingress and egress of the children, in the rear thereof, which door was so devised that it was operated from the driver's seat; that it was the duty of appellee to take the children home by the shortest route, and appellee had established the practice of so doing, which the people living in the vicinity well knew; that on a certain date when appellee was returning children, including appellant, home from school, he took a different route, and reached appellant's home later than usual; and when appellee stopped his bus in front of appellant's home to let appellant off, an automobile was approaching from in front of the bus and in full view of appellee which automobile was being driven by a resident of the neighborhood who knew the usual route of the bus and "had every reason to believe said defendant had discharged his last passenger and was on the return journey home;" that appellee invited and permitted appellant to operate the control of the bus door without giving him any warning of the approaching automobile, and appellant was hit by the approaching car while he was stepping off of the bus, and was seriously injured.

The complaint also alleged that appellant's home was on the west side of the highway and that the usual course of the bus would have brought appellant to his home on a southward line of travel, and would have enabled appellant to reach his home from the bus without crossing the lane of north bound traffic, but the

route taken on this day brought him home in the northward line of travel, and required him to cross the south bound lane of traffic.

The complaint also alleged that at the time the bus stopped, part of it extended over the middle line of the highway.

Appellee filed a motion to make the complaint more specific, a motion to strike out parts of the complaint, and a demurrer to the complaint, each of which was overruled. Thereupon, the issue being closed by general denial, the cause was submitted to the court for trial by a jury.

At the close of appellant's evidence appellee moved the court to grant a peremptory instruction to the jury to find for the appellee. This motion was sustained, the peremptory instruction was given, the jury rendered a verdict accordingly, and judgment was rendered in accordance with the verdict.

Appellant filed a motion for new trial alleging the following grounds, viz.: "(1) The verdict of the jury is not sustained by sufficient evidence. (2) The verdict of the jury is contrary to law. (3) The court erred in sustaining the motion of the defendant to instruct the jury to return a verdict for the defendant. (4) The court erred in instructing the jury to return a verdict for the defendant." This motion was overruled, whereupon appellant perfected this appeal.

The assignment of errors contains three specifications, viz: "(1) The court erred in sustaining the motion of the appellee to return a verdict for appellee. (2) The court erred in instructing the jury to return a verdict for the appellee. (3) The court erred in overruling appellant's motion for new trial."

The first two specifications of error are not proper assignments when assigned as independent errors, but

must be brought up under a motion for new trial. *Amer. Coal Mining Co.* v. *Knight* (1923), 80 Ind. App. 30, 139 N. E. 463. Ewbank's Manual. of Practice, (2d Ed.) Sec. 134.

The motion for new trial questions the action of the trial court in giving the peremptory instruction to the jury. The record shows that appellant excepted at the time the court sustained appellee's motion for a directed verdict, but the record does not show that appellant excepted to the giving of the court's instruction, and the instruction itself is not in the record.

In *Getchel* v. *Chi. Junction Rwy. Co.* (1902), 29 Ind. App. 410, 411, 64 N. E. 618, this court was called upon to decide a case in which the court's instruction to the jury was not in the record. The court said: "The motion (directed verdict) referred to in the first cause for a new trial was in substance a request of the defendant for an instruction, and the mere sustaining of the motion worked no injury; but the substantial and available error, if any, was in *instructing the jury to find for the defendant.* To present such action of the court on appeal it was necessary to bring into the record the court's direction to the jury in some legitimate method for making an instruction to the jury a part of the record." (Our italics.)

In the case of *Smith, Admx.,* v. *Cleveland, etc., R. Co.* (1918), 67 Ind. App. 397, 117 N. E. 354, this court held that the mere sustaining of a motion to direct a verdict did not constitute reversible error.

In the case of *Williams* v. *Pittsburgh, etc., R. Co.* (1918), 68 Ind. App. 93, 120 N. E. 46, the appellant had excepted to the giving of a peremptory instruction to the jury but the instruction itself was not in the record, and this court held that inasmuch as the instruction

was not before it, no question concerning it could be considered.

Appellant contends that the second specification in his motion for new trial (verdict is contrary to law) presents for review, the action of the court below in so instructing the jury even though an exception to such action was not taken. Such a contention is not tenable. No ruling of the trial court can be questioned on appeal unless an exception was properly saved below. Appellant was in court in person and by counsel, and an opportunity was afforded him to assert his legal right of objecting and excepting. The failure to do so constituted a waiver of such right. *Millett* v. *Aetna, etc., Savings Co.* (1919), 70 Ind. App. 451, 122 N. E. 344.

This court in the case of *Indianapolis Trac., etc., Co.* v. *Vaughn* (1917), 65 Ind. App. 581, 585, 117 N. E. 673, after directing the verdict in favor of appellee, submitted the question of damages to the jury to which the defendant made no objection at the time. Under the motion for new trial, however, the defendant questioned the ruling. The court said: "Where a party to a suit consents to the method of procedure adopted by the trial court and makes no objection and reserves no exception at the proper time, he cannot be heard to complain afterwards in this court."

This leaves for our consideration the two remaining alleged causes for new trial, viz, that the verdict is not sustained by sufficient evidence and that it is contrary to law.

The uncontroverted evidence shows that the negligence of appellee, if any, was not the proximate cause of appellant's injuries, and therefore we hold that the verdict of the jury as directed by the court is sustained by sufficient evidence and that it is not contrary to law.

Judgment affirmed.