BARTLEY *v*. CHICAGO AND EASTERN ILLINOIS RAILWAY COMPANY ET AL.

[No. 27,703. Filed May 28, 1942. Rehearing denied September 28, 1942.]

*John H. Jennings,* of Evansville, and *Morton C. Embree,* of Princeton, for appellant.

*Hatfield & Hatfield,* of Evansville, and *McDonald & McDonald,* of Princeton (K. L. Richmond, of Chicago, Illinois, of counsel), for appellees.

RICHMAN, J.—In the first trial of this case, after appellant (plaintiff below) had rested, the court erroneously directed a verdict for appellee. *Bartley* v.

*Chicago & E. I. R. Co.* (1940), 216 Ind. 512, 24 N. E. (2d) 405. In the second trial, after both parties had presented all their evidence, appellees' motion for a directed verdict in their favor was sustained and the jury returned such a verdict.

Appellant in the fifth specification of his motion for new trial attempts to predicate error on the court's ruling sustaining appellees' motion for verdict and, in the sixth, "giving to the jury, at the close of all the evidence of the case, at the request of the defendants a peremptory instruction to return a verdict for the defendants." Appellees, citing *Getchel* v. *Chicago Junction R. Co.* (1902), 29 Ind. App. 410, 411, 64 N. E. 618, and *Cook & Bernheimer Co.* v. *Hagedorn* (1925), 82 Ind. App. 444, 452, 131 N. E. 788, 791, correctly say that sustaining the motion was not reversible error since it worked no injury to appellant. The injury occurred when the verdict was directed.

Appellees assert also that there is no available error in the sixth assignment, quoted *supra,* because the instruction is not in the record and no exception thereto is shown. The bill of exceptions containing the evidence shows an exception to the ruling sustaining appellees' motion, but none at all to the giving of the instruction. But appellant says that all of the proceedings are shown in an order book entry. Here again we find no exception to the giving of the instruction, though exceptions are shown to the ruling on the motion for a directed verdict and to the ruling on appellees' motion for judgment on the verdict after it was received. The fact that an exception to either a written or an oral instruction is contained in an order book entry does not necessarily bring it into the record.

At the time this case was tried our 1940 Rules were

not in force. Exceptions were required to make any error available. There was no pretense of compliance with § 2-2010, Burns' 1933 (Supp.), § 343, Baldwin's Supp. 1935. Certain "matters" are in the record without a bill of exceptions under § 2-3104, Burns' 1933, § 462, Baldwin's 1934, but not instructions nor exceptions thereto. This has long been the rule in Indiana. In *Hall* v. *Durham* (1887), 109 Ind. 434, 436, 9 N. E. 926, 10 N. E. 581, it was said:

> "The clerk, after noting on the order-book the empanelling of the jury, proceeded as follows: 'And the jury, having heard the evidence and argument of counsel, are, by the order and direction of the court, required to return the following verdict:' then setting out the verdict in full, which, as has been stated, was in favor of the plaintiff. But there is no mention of these proceedings in the bill of exceptions. If the jury were required to return a particular verdict, it was necessarily through the medium of an instruction given them by the court, and a question could only be reserved upon such an instruction by bringing it into the record in some lawful manner. The entry of the clerk, set out as above, did not take the place of a bill of exceptions, and consequently presents no question for our consideration."

The rule has been applied in *Raper* v. *American Tin-Plate Co.* (1901), 156 Ind. 323, 59 N. E. 937; *Williams* v. *Pittsburgh, etc., R. Co.* (1918), 68 Ind. App. 93, 120 N. E. 46; *O'Dell* v. *Miller* (1934), 99 Ind. App. 480, 192 N. E. 121. See also *Getchel* v. *Chicago Junction R. Co.*, *supra; Goodman* v. *State* (1919), 188 Ind. 70, 121 N. E. 826; 2 Watson's Works' Practice and Forms, § 1696, p. 302.

*Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 416, 73 N. E. 899, seems to hold that an oral direction

to return a certain verdict "is not in the sense or nature of an instruction advising the jury in respect to matters of law, . . ." If this be true nevertheless it is of such a nature that it must be brought into the record by bill of exceptions which must show not only the directon of the verdict but that an exception thereto was taken. The exception was shown in the Davis case, *supra,* but not in the case at bar. The error, if any, is not available to appellant.

In specifications 7, 8 and 9 of the motion for new trial error is assigned with respect to proof of a penal ordinance enacted in 1894 limiting freight trains to a speed of eight miles per hour within the corporate limits of Evansville. The seventh specification alleges error in refusing to permit the reading in evidence of Section 1 of the ordinance from a book which appellant's attorney stated in his offer was "compiled by John W. Brady and John R. Brill, said book purporting to be published by the authority of the Common Council of the City of Evansville, Indiana, under date of December 1, 1915." The record does not disclose the fact that it purported to be so published. Counsel's oral statement to that effect may not have been substantiated by examination of the book itself. For this reason, regardless of others, the offer was properly refused.

The eighth specification alleges error in not permitting appellant to read in evidence all of the same ordinance from the minute book of the Common Council of the City of Evansville. The objection was properly sustained for there was no showing that the ordinance had ever been published as required in the case of penal ordinances.

The tenth specification relies upon the statutory seventh cause for new trial, § 2-2401, Burns' 1933, § 368,

Baldwin's 1934, "Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." The evidence in question, as disclosed by the affidavits filed with the motion, was a book entitled "Charter and Ordinances of the City of Evansville" published in 1901. Assuming without deciding that this book would have sufficiently proved the existence of the ordinance, we cannot say that the court erred in denying the motion for new trial on account of its discovery.

It is well settled that applications for a new trial on the ground of newly discovered evidence are looked upon with disfavor. Not only must diligence preceding the trial be shown but the evidence must be of such a character as to raise a reasonable presumption that a different result will be reached if it is introduced in the new trial. Granting such a motion is within the sound discretion of the trial court whose ruling will not be disturbed except for abuse of such discretion. *Donahue* v. *State* (1905), 165 Ind. 148, 156, 74 N. E. 996, 999; *Pleak* v. *State* (1929), 201 Ind. 274, 167 N. E. 524; *Hauser* v. *George* (1935), 100 Ind. App. 346, 351, 195 N. E. 592, 594; *Parkman, Admr.* v. *Courson* (1937), 103 Ind. App. 206, 213, 5 N. E. (2d) 979, 981; *Curtis* v. *Mann* (1938), 105 Ind. App. 601, 607, 14 N. E. (2d) 345, 348; *Cobler, Admr.* v. *Prudential Life Ins. Co.* (1941), 108 Ind. App. 641, 648, 31 N. E. (2d) 678, 681.

This action has been pending since November 17, 1933. The opinion in the first appeal filed December 22, 1939, put appellant upon notice that he must be prepared to prove by competent evidence the existence and publication of any penal ordinance upon which he relied. The second trial was concluded on the 20th day

of June, 1940. On the next day appellant's attorney in a casual conversation with a librarian in New Harmony learned of the possible existence of this book in one of the libraries of Evansville. It does not appear that the book had not been in the library all of the years the case was pending. The affidavits disclose that appellant's attorneys had visited at least one of the libraries to examine newspaper files for proof of publication of the ordinance. We think it not unlikely that the trial court, in spite of their protestations of diligence, may have concluded that appellant and his attorneys could with reasonable diligence have discovered the book before the trial.

Two trial judges in this case have directed verdicts for defendants. The first judge did so in the face of the ordinance which was in evidence. The second judge may have been of the opinion that the ordinance was not material to his decision. There was evidence from which he could reasonably have found that appellant was guilty of contributory negligence. If he did so find it would make no difference whether or not the train crew was violating the ancient ordinance. We find nothing in the record from which we can presume that the result would have been different had the book been in evidence. In any event the trial court did not so presume or he would have granted the motion. He did not abuse his discretion.

Appellant assigns error in permitting answers to a number of questions of which the following is typical:

"Now, Mr. Walsh, I will ask you to tell the jury, at the time you first saw the plaintiff Bartley's truck come into your view, you saw anything at all to indicate to you that he could not stop his truck before it got onto the track in front of the train."

The objection was that the question called for a conclusion on the part of the witness on a matter which was ultimately for the jury to decide. We do not think so. The question is not like that in *Brunker* v. *Cummins* (1892), 133 Ind. 443, 32 N. E. 732, relied upon by appellant. It is more like the one in paragraph numbered 3 of the opinion in *Southern Indiana R. Co.* v. *Osborn* (1907), 39 Ind. App. 333, 338, 78 N. E. 248, 250, 79 N. E. 1067. Even if erroneous the question and answer would have been harmless had the case gone to the jury.

The verdict was sustained by sufficient evidence. It is not contrary to law because not so sustained or for any other reason pointed to by appellant. This ▮ assignment, if it raises the question as to the action of the trial court in directing a verdict, does not dispense with the saving of an exception to that ruling. *O'Dell* v. *Miller, supra.*

It is claimed that the first judge, after the cause was remanded for new trial, and the second judge, appointed after change of venue, should as requested have ▮ reopened the issue made by the motion for stay of proceedings filed by the trustee in bankruptcy which motion was sustained before the first appeal. If there was any error in granting the stay it should have been presented in the first appeal. It is obvious, however, that since there can be no recovery against the railroad company for its alleged negligence prior to its bankruptcy, there is no occasion to resort to the assets thereof in the hands of the trustee which was the reason for his being made a party.

Judgment affirmed.

NOTE.—Reported in 41 N. E. (2d) 805.