THOMPSON *v.* EDMONSON ET AL.

[No. 18,326. Filed February 9, 1953. Rehearing denied March 12, 1953.]

*Henry J. Richardson, Jr.* and *Howard R. Hooper*, of Indianapolis, for appellant.

*Lewis Davis, Frank Symmes, Charles G. Dailey* and *Charles W. Symmes*, of Indianapolis, for appellee.

CRUMPACKER, J.—One Maggie Edmonson, late a resident of Marion County, Indiana, died intestate on January 10, 1950, and, in the course of administering her estate, the probate court of said county was called upon to determine conflicting claims of heirship between the appellant and his privies on the one hand and the appellee Annie Young on the other. When this suit was commenced both sides questioned the right of John A. Edmonson, whom the court had appointed administrator of the estate, to act in such capacity but by stipulation, subsequently entered of record, his authority in the premises was recognized and this appeal presents no question as to him. Our use of the word "appellee" will therefore be understood to refer to Annie Young only.

After an extended hearing the court found and adjudged "that *Maggie* Young is next of kin of said decedent and that she is an heir at law and that Robert Thompson and privies are not related by blood to said decedent and are not next of kin to her and that Annie Young recover her costs in her behalf expended." (Emphasis supplied). At a subsequent term, with all parties present, the court amended the above judgment by substituting the name "Annie" for that of "Maggie." The appellant contends that this was error because no evidence was heard relative to the change and because it was made after the expiration of the term during which the judgment was rendered and the court had lost all control over it.

There are situations in which merit might attend this contention but here it is obvious, from the entire

record including the finding and judgment, that the change merely corrected a palpable clerical error in a particular in which the appellant had no interest. It having been adjudged that he and his privies were unrelated by blood to the decedent it could be no concern of his to whom her estate descended. Furthermore when the correction was made all parties to the suit were present and the record itself furnished ample evidence that it was the court's purpose to adjudge Annie Young, not Maggie Young, to be the decedent's sole heir at law. Under such circumstances the court has inherent power to correct its records to speak the truth. *Indianapolis Life Ins. Co.* v. *Lundquist* (1944), 222 Ind. 359, 53 N. E. 2d 338. The Supreme Court said, in *Harris* v. *Tomlinson* (1892), 130 Ind. 426, 30 N. E. 214: "We are of the opinion . . . that the court may, in the exercise of one of its inherent powers, . . . so correct mistakes as to make its records speak the truth. *Miller* v. *Royce, Admr.*, 60 Ind. 189. In the latter case a mistake was corrected after ten years and in *Conway* v. *Day, supra,* a correction was made after the cause had been appealed to this court and affirmed." Only Maggie Young could have been harmed by the correction and no such person is mentioned in the entire record nor do any of the parties assert that she exists.

The appellant next contends that the court erred in denying him a new trial because of newly discovered evidence. The alleged newly discovered evidence is set out in 2 affidavits attached to the motion for a new trial but a search of the record discloses that neither they nor their substance appear in the general bill of exceptions containing the evidence nor were they, or evidence of like purport, brought into the record by the special bill. Thus no question on this

phase of the appeal is presented to us for review. *Yessen* v. *State* (1950), 228 Ind. 316, 92 N. E. 2d 621. We dispose of this question on technical grounds fortified by the disposition of courts to look upon efforts to gain new trials because of newly discovered evidence with disfavor in the first instance. *Bartley* v. *Chicago & E. I. Ry. Co.* (1942), 220 Ind. 354, 41 N. E. 2d 805.

The burden of the appellant's brief is devoted to his contention that the decision of the court is not sustained by sufficient evidence and the essence of his argument seems to be that, while the evidence concerning the heirship of the parties is in conflict, that which supports the court's decision of the issues is of no probative value. This much however is certain. The decedent, Maggie Edmonson, was a negro lady of advanced years at the time of her death. She left no children, descendants of children, mother or father surviving, and those who take her estate must do so through a collateral line back to a common ancestor. Grandparents of all the parties to this suit were slaves in the state of Tennessee before the war between the states and due to the practice of wresting fathers and mothers from their families and children through their sale as chattels and the absence of records of their birth makes the tracing of lineage back for many generations uncertain and fraught with hearsay.

The appellant's claim to heirship is based on the assertion that one Jake Dillard was his grandfather. That said Dillard, by his marriage to one Adelaide Gray, had four children as follows: Elnora, who is still alive; Alice, the appellant's mother now deceased; Malinda, the mother of Maggie Edmonson, the decedent herein; and a son, Joe, now deceased, and his progeny, if any, undisclosed. We find evidence in the record tending to support this contention and also conflicting testimony

indicating that the three girls, Elnora, Alice and Malinda were children of Adelaide Dillard by a former marriage to, or by association with, a man named Bradley. In either situation the genealogy involved makes the appellant and the decedent, during her lifetime, first cousins.

On the other hand, we find evidence in the record which tends to prove that Jake Dillard had a sister Sara who married one George Hoover by whom she had one child, Malinda Hoover. Sara Hoover died when Malinda was a small child and Jake Dillard took her to raise. About this time Dillard moved to Tennessee, taking Malinda with him, where he met and married Adelaide Gray, who had two daughters, by a former marriage, known as Elnora and Alice Gray. The three girls were raised together under the name of Dillard. Malinda married one Perry Owens by whom she had a daughter Maggie Edmonson, nee Owens, whose estate is involved in this litigation. This genealogy makes the appellant and the decedent strangers in blood as Malinda, the decedent's mother, and Alice, the appellant's mother, were stepsisters only. There is further evidence indicating that before Jake Dillard married Adelaide Gray he had been married to one Malinda Blair by whom he had three children of whom the appellee Annie Young is the lone survivor and thus a first cousin of the decedent and her sole heir at law.

There is much evidence in the nature of hearsay on both sides of this controversy and family relationships are established through their reputation in the community as being such. Witnesses testified as to what they were taught as children by their parents concerning Jake Dillard and his family. Although not wholly satisfactory we are convinced that, under the circumstances of this case, the evidence was

the best that could be produced. The trial court saw the various witnesses, heard their testimony and considered its weight and probative value first when it rendered its decision and second when it reviewed the case on the appellant's motion for a new trial. The evidence is in conflict and we cannot say, as a matter of law, that that which supports the court's decision is of no probative value. That being true we are powerless to disturb the court's decision on the facts.

Judgment affirmed.

NOTE.—Reported in 110 N. E. 2d 358.