Collins *et al. v.* Stanfield.

Filed Nov. 13, 1894.

---

No. 16,903.

## COLLINS ET AL. *v.* STANFIELD.

CONTRACT.— *Written.—Parol Verification.—Oral Agreements Performed Subsequent to Making Written Contract.—Subsequent Agreements.— Promissory Note.*—The rule that the terms of a written contract (in this case a promissory note) can not be varied by parol, does not exclude oral agreements made and performed subsequent to the execution of the written contract; and prior or contemporaneous agreements fully executed after the making of the written contract become, by their fulfillment, subsequent agreements.

HUSBAND AND WIFE.— *Wife Purchasing Real Estate and Taking Title in Husband's Name.—Suretyship of Wife.—Debtor and Creditor.*—Where a married woman bought real estate, giving her note, secured by mortgage thereon, in part payment of the purchase-price, and took the title in the name of her husband, the relation of debtor and creditor was not created between the husband and vendor, and consequently the wife could not occupy the position of surety for her husband.

From the Carroll Circuit Court.

*L. D. Boyd,* for appellants.

*C. R. Pollard* and *R. C. Pollard,* for appellee.

HACKNEY, C. J.—The appellee sued the appellants to recover, as against George W. Collins, the balance of the purchase-price of certain real estate sold to him by the

appellee, and as against all of the appellants, the foreclosure of a mortgage of said real estate executed to secure such balance. The appellants answered that at the time of the purchase, it was agreed between said George W. Collins and the appellee, that the note given for such balance might be paid by delivering drain tile to the appellee or her husband; that pursuant to said agreement, and before suit, said Collins did deliver to the appellee and to her husband, and they did receive from him drain tile of a value stated. It also alleged that in addition to the value of the tile so furnished, the said Collins performed certain services for the appellee at her request, the value of the tile and of the services exceeding the amount due on said note.

The lower court sustained a [demurrer to this answer, and that ruling presents the only question made by the record. The sufficiency of the answer is attacked upon two grounds; first, that it sets up a·contemporaneous parol agreement, varying the terms of the written contract, and, second, that the facts pleaded constitute the appellee a surety for a debt owing by her husband.

Of the first proposition, there can be no possible doubt as to the rule urged, but in the application of the rule, if it appear that the terms of the collateral, oral agreement have been performed on the one side, and their fruits accepted by the other, such executed agreement is taken as a payment or satisfaction of the written obligation. *Tucker* v. *Tucker*, 113 Ind. 272; *Zimmerman* v. *Adee*, 126 Ind. 15.

The rule urged by the appellee does not exclude oral agreements made and performed subsequently to the execution of the written contract, and prior or contemporaneous agreements, fully executed after the making of the written contract, become, by their fulfillment, subsequent agreements. If it were otherwise, the rule, itself

intended as a shield against fraud, would become an instrument of fraud.

There is, therefore, in this case, no variance of the terms of the note by the alleged contemporaneous agreement performed subsequently to the execution of the note.

Counsel insist that the case of *Tucker* v. *Tucker, supra,* is not in point, because, as claimed, it was decided upon the fact that the note there sued upon was executed only as a security for the subsequent performance of a prior oral agreement. The controlling element of the case was upon the point here involved, and to the same point it was cited in *Zimmerman* v. *Adee, supra.*

The contention of counsel that the facts pleaded in the answer constitute the appellee a surety for her husband's debt proceeds upon the theory that, having received no benefit from the title supplied to her husband, and having been obligated to pay for it, she necessarily became a surety. The facts pleaded do not disclose that her husband was a debtor, without which it would be difficult to conceive of her relation as that of surety. The facts pleaded show that the credit, as to the title, was extended to the appellee, and that her liability, if any, was primary, and neither contingent nor collateral.

In construing the second subdivision of section 6629, R. S. 1894 (R. S. 1881, section 4904), of the statute of frauds, which denies an action "to charge any person, upon any special promise, to answer for the debt, default or miscarriage of another," it has frequently been held that a promise to pay for property delivered to another is not within the statute, for the reason that the promise was a direct, and not a collateral, obligation. *Lance* v. *Pearce,* 101 Ind. 595; *Boyce* v. *Murphy,* 91 Ind. 1; *Wills* v. *Ross,* 77 Ind. 1; *Johnson* v. *Hoover,* 72 Ind. 395; *Kernodle* v. *Caldwell, Admr.,* 46 Ind. 153.

So, in this case, the fact that the tile were delivered

to the appellee's husband, upon her contract and assumption, did not create the relation of debtor and creditor between the husband and Collins, nor does the conclusion necessarily follow that the appellee received no benefit from such delivery.

In our opinion the ruling of the circuit court was erroneous, and the judgment is therefore reversed, with instructions to the lower court to overrule the appellee's demurrer to the appellants' answer.

Filed Nov. 22, 1894.