## MAIER ET AL. *v.* THE BOARD OF PUBLIC WORKS OF THE CITY OF EVANSVILLE ET AL.

### [No. 18,284.   Filed October 5, 1898.]

EVIDENCE.—*Weight Of.*—*Special Finding*—Where there was evidence to warrant the finding of facts made by the court, the Supreme Court will not reweigh the evidence, although there were some items of evidence which if taken alone might have warranted a different finding.  *p. 198.*

SAME.—*Admission.*—*Opinion Evidence.*—No error was committed in the trial of an action to set aside a contract for public work in permitting a witness to give his opinion as to whether the time limited in which to complete the contract was too short.  *pp. 198, 199.*

NEW TRIAL.—*Motion.*—*Evidence.*—A motion for a new trial for the reason that "the court erred in allowing James D. Saunders to testify about a paper on American vitrified brick pavements" is too general to raise any question thereon in an action to set aside a contract entered into by a city for paving work, where such witness testified that he and other members of the board obtained information as to the quality of certain bricks to be used from statements they had read in a certain paper taken by the board.  *p. 199.*

SAME.—*Motion.*—*Evidence.*—A specification in a motion for a new trial based upon the action of the court in striking out a portion of the testimony must specify with certainty the testimony stricken out.  *p. 199.*

EVIDENCE.—*Admission.*—*Objections.*—Error cannot be predicated upon the action of the court in sustaining an objection to the admission of evidence on the ground that it was irrelevant and incompetent, where it is not shown that the proposed evidence was admissible.  *pp. 199, 200.*

From the Vanderburgh Superior Court.  *Affirmed.*

*S. R. Hornbrook* and *W. W. Ireland,* for appellants.

*Gilchrist & De Bruler* and *George A. Cunningham,* for appellees.

McCABE, J.—The appellants sued the appellees to set aside a contract by which the board had, through alleged fraud, collusion, and favoritism with appellees Eichel, Arnold & Company, awarded them the contract for paving Sixth street in the city of Evans-

ville, at a higher price per square yard than was offered in another bid for the same work by the firm of Weikel and Nugent.

The issues formed were tried by the court, resulting in a special finding of the facts, on which the court stated conclusions of law leading to judgment that the plaintiffs take nothing by their suit, the court having overruled the plaintiffs' motion for a new trial. The errors assigned call in question the conclusions of law and the action of the superior court in overruling appellants' motion for a new trial. The only brief filed by the appellant within sixty days next after the submission of the cause in this court is such as that we would be justified in holding not a brief, within the meaning of the rule, and in treating the errors as thereby waived. But we waive that defect, and decide the questions discussed in appellants' second brief. The special finding not only wholly fails to find the charges of fraud, collusion, and favoritism true, but specifically finds that each and every one of such charges are untrue. Therefore the conclusions of law authorizing and requiring judgment for the defendants were not only not erroneous, but were correct.

It is contended, however, that a contrary finding was authorized by the evidence. But there was ample and most abundant evidence to justify and warrant the finding made. Though some items of evidence, taken alone, might have warranted a different finding, we cannot reweigh the evidence, and correct any supposed error in the court's estimate of its weight, so long as there was, as was the case, evidence taken alone amply sufficient to warrant the finding made.

There was no error in refusing to permit the witness Thompson to state his opinion as to whether

the time limited in which the work should be completed was too short, for many reasons. An all sufficient reason is that it was not a question of science or skill, but was simply a question of fact.

It is complained that the trial court erred in permitting James Saunders to testify as to extensions of time given to the Indiana Contract Company or appellees Eichel, Arnold and Company to finish other contracts. This evidence was wholly immaterial to the issues, and ought to have been rejected, but its character is such as, when considered along with the other evidence, it could not have harmed the appellants. Nor was there any error in allowing Saunders to testify that he and other members of the board obtained information as to the quality of certain bricks to be used from statements they had read in a certain paper taken by the board. The motion for a new trial is too general, however, to raise any question as to that point. It states that "the court errred in allowing James D. Saunders to testify about a paper on American vitrified brick pavements."

It is complained that the court erred in striking out certain evidence. The specification in the motion for a new trial is: "The court erred in striking out a portion of the testimony of the plaintiff relating to his feelings in the matter." This language does not point out or identify with sufficient certainty the testimony stricken out. But there was no error in striking it out, because it was only an expression of his opinion about the contract, that it was not honest.

It is objected that the court sustained an objection to a question where no other objection was stated to the question than that it was "irrelevant and incompetent." Had such an objection been overruled, it would have been insufficient to raise any question; but, as the objection was sustained, the ruling cannot

be successfully assailed, unless the proposed evidence is shown to be admissible. That has not been done. The court did not err in overruling the motion for a new trial. Judgment affirmed.