Collett *v.* State.

COLLETT *v.* THE STATE.

[No. 19,080.   Filed January 11, 1901.]

APPEAL AND ERROR.— *Continuance.—Assignment of Error.—New Trial.*—The ruling of the court upon an application for a continuance on account of the absence of a witness must be assigned as a cause for a new trial under clause 1, §1911 Burns 1894, and not as an independent assignment of error.  *pp. 64, 65.*

SAME.—*Continuance.—Assignment of Error.—New Trial.*—An assignment in a motion for a new trial that " the court erred in overruling defendant's motion for a continuance on the ground of the absence of defendant's witnesses " is too uncertain and indefinite to present any question for review.  *p. 65.*

SAME.—*Instructions.—Refusal to Give.*—A cause will not be reversed because of the action of the court in refusing to give instructions requested by appellant, where the instructions were not signed by appellant or his attorney, as required by §1892 Burns 1894.  *pp. 65, 66.*

From the Randolph Circuit Court.  *Affirmed.*

*Theodore Shockney,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

JORDAN, J.—Appellant was indicted, tried by a jury, and convicted of having committed the crime of robbery, and over his motion for a new trial was sentenced to be imprisoned for an indeterminate period of from two to fourteen years in the Indiana reformatory prison.  Among the errors assigned are the following:  (3)  "The court erred in overruling appellant's affidavit and motion for a continuance of said cause."  (4)  "The court erred in overruling appellant's motion for a new trial."  The first alleged error argued by counsel for appellant relates to the overruling of the latter's motion for a continuance or postponement of the trial on account of the absence of a witness named Samuel Moody.  The record discloses that appellant applied for a continuance on account of the absence of this witness. This motion, over his exception, the court denied, and this

ruling is attempted to be assigned as an independent error under the third assignment. This procedure is not authorized. The ruling of the court upon the application for the continuance on account of the absence of this witness ought to have been assigned as a cause for a new trial under §1911 Burns 1894, cl. 1, §1842 R. S. 1881 and Horner 1897. *Hutts* v. *Shoaf*, 88 Ind. 395; *Ostler* v. *State*, 3 Ind. App. 122; Ewbank's Manual §41; Elliott's App. Proc. §848. The independent assignment of error for the first time in this court, upon the ruling in the trial court in denying the motion for the continuance in controversy, presents no question for review in this appeal.

The second cause enumerated in appellant's motion for a new trial is: "The court erred in overruling the defendant's motion for a continuance on the grounds of the absence of the defendant's witnesses." This assignment is too uncertain and indefinite to present any question for review by either the trial court or this court on appeal. It in no manner specifies or refers to the overruling of the motion for a continuance based upon the ground of the absence of the witness Moody. It apparently refers only to some motion which was presented for a continuance on account of the absence of some indefinite and uncertain number of the defendant's witnesses unnamed. The rule is well settled that each cause assigned in a motion for a new trial should be specified with reasonable certainty and in such a definite manner that the court will not be under the necessity of searching through the entire record in order to discover the alleged erroneous ruling. *Reese* v. *Caffee*, 133 Ind. 14; *Maier* v. *Board, etc.*, 151 Ind. 197; Ewbank's Manual §51.

The only other question presented and argued by counsel for appellant relates to the refusal of the trial court to give certain special instructions to the jury. The Attorney-General in behalf of the State insists that the action of the court in refusing these instructions is justified, upon the

ground, if upon no other, that the instructions which it is claimed were requested do not appear to have been signed by the defendant or his attorney, as required by §1892 Burns 1894, subd. 6.. This contention seems to be sustained by the record, as the instructions in controversy do not appear to have been signed by either appellant or his counsel. There- fore, as all reasonable presumptions must be indulged in favor of the ruling of the lower court, we may properly assume that they were refused because they were not signed as required by the statute; the provision of which the ap- pellant was bound to observe before he would be in a posi- tion to demand that the court give to the jury special in- structions. *Glover* v. *State,* 109 Ind. 391, and cases there cited. We may say, however, that we are not impressed with the claim that appellant was harmed by the court refusing the instructions in controversy. The record dis- closes no available error, and the judgment is therefore af- firmed.

Monks, J., did not participate in the decision of this case.