## PITZELE v. REUPING.

[No. 4,479. Filed October 29, 1903. Rehearing denied January 14, 1904.]

APPEAL AND ERROR. — *Amended Complaint.* — *Leave of Court.* — Nothing appearing to the contrary it will be presumed on appeal that leave was given to file an amended complaint. *p. 238.*

SAME.—*Amended Complaint Instead of Supplemental Complaint.*—Where in an action to recover rent an amended complaint instead of a supplemental complaint was filed for the recovery of rent accruing after the action was brought and defendant appeared, and, without objection, filed answer and went to trial upon the issue thus presented, it will be held that the parties treated the action as having been brought at the time the amended complaint was filed. *pp. 238, 239.*

From Lake Superior Court; *H. B. Tuthill*, Judge.

Action by Louis Reuping against Charles Pitzele. From a judgment for plaintiff, defendant appeals. *Affirmed.*

F. N. *Gavit,* for appellant.

T. J. *Wood,* for appellee.

ROBINSON, C. J.—On October 28, 1899, appellee filed a complaint seeking to recover rent for certain property for the months of August, September, and October, 1899. A supplemental complaint was filed for subsequently accrued rental. Upon issues formed a trial was had. On November 8, 1900, a new trial was granted, and afterwards on January 16, 1901, an "amended complaint" was filed, asking a recovery for months up to and including March, 1900. Appellant answered in four paragraphs, the first of which was the general denial. The case was submitted to a jury, and a verdict returned in appellee's favor.

The judgment includes rent accruing subsequent to the date of the filing of the original complaint, October 28, 1899, and the only question argued is that the amount recovered is, to that extent, excessive.

Nothing appearing to the contrary, it will be presumed that leave was given to file the amended complaint. *Bozarth* v. *McGillicuddy,* 19 Ind. App. 26. The so-called amended complaint is complete in itself, and states a cause of action. No question is made as to the sufficiency of the original complaint. The amended complaint and answers thereto present issues authorizing a recovery in an amount as large as that recovered. Appellant made no objection to the filing of the amended complaint, but appeared and answered, and the same issue was tendered that would have been tendered by a complaint and supplemental complaint. The case was tried, without objection, upon the issue thus presented. It is quite true that a judgment can not be had for money which had not accrued at the time the suit was brought, but, so far as this record discloses, it must be held that the parties in making the issues to be

tried and in the trial treated the action as having been brought at the time the amended complaint was filed. The question here presented was decided adversly to appellant's view in *Jordan* v. *Indianapolis Water Co.*, 159 Ind. 337.

Judgment affirmed.