## HAUSER v. GEORGE ET AL.

[No. 14,966.   Filed May 9, 1935.]

*Bamberger & Feibleman,* and *Merle N. A. Walker,* for appellant.

*Claycombe & Stump,* for appellees.

WOOD, J.—The appellees, George and Zimmerman, hereinafter called the architects, brought suit against the appellant, Hauser, and their co-appellee Clinehens by a complaint in one paragraph to recover for architects' fees alleged to have been rendered to the appellee, Clinehens, in the erection of an apartment building in the city of Indianapolis.

The complaint alleged in substance that Clinehens, pursuant to the terms of a written contract entered into between himself and the appellant Hauser, sold all his stock to Hauser in a corporation known as College Court Realty Corporation, which held the title to the apartment building, and assigned to him a lease on the apartment building from the College Court Realty Corporation to Clinehens, on conditions that as a part of the consideration and purchase price for the assignment of said stock and lease Hauser would assume and pay to the architects the amount still owing to

them by Clinehens, as architects' fees. Appellant filed a demurrer to this complaint for insufficiency of facts to state a cause of action, based upon the theory that the agreement between appellant and the appellee, Clinehens, came within the provisions of the statute of frauds, being paragraph two, sec. 8045, Burns' 1926, §33-101, Burns 1933, §8363, Baldwin's 1934, to answer for the debt, default, or miscarriage of another, and that the written contract entered into between them was not sufficient to meet the requirements of the statute. This demurrer was overruled. Appellant filed an answer in nine paragraphs; the first paragraph was a general denial; the remaining eight paragraphs alleged affirmative matter. For the purpose of this opinion it is not necessary to set out any of these paragraphs of answer or their substance, except paragraph number two. This paragraph alleged that the debt sued upon was the debt of appellee Clinehens, and not the debt of appellant, and that appellant did not enter into any written contract under the terms of which he agreed to pay such indebtedness. The architects filed a demurrer to this paragraph of answer for insufficiency of facts to constitute a cause of defense, based upon the theory that the complaint was founded upon a written contract by the terms of which the appellant assumed and agreed to pay the obligation sued upon as his own indebtedness, and as a part of the consideration and purchase price for certain property assigned and transferred to him by the appellee Clinehens. This demurrer was sustained. The architects filed a reply in general denial to the balance of appellant's affirmative paragraphs of answer. Appellee Clinehens filed an answer in two paragraphs to the complaint; the first paragraph was a general denial; the second pleaded affirmative matter which it is not necessary to set

out. The architects filed a reply in general denial to this second paragraph of answer.

Upon the issues thus formed the cause was tried to the court without a jury resulting in a general finding and judgment in favor of the architects against the appellant Hauser and the appellee Clinehens. Appellant filed a motion for a new trial which was overruled. He appeals, assigning as error for reversal the overruling of his demurrer to the complaint, the sustaining of the demurrer to his second paragraph of answer, and the overruling of his motion for a new trial.

As a part of the allegations thereof, the complaint set out in full the contract entered into between Clinehens and appellant for the sale and assignment of Clinehens' stock in the College Court Realty Corporation and his lease of the apartment building to appellant. Paragraph 7 of the contract was in the following language:

"7. It is further understood and agreed between the parties that the stock held by the firm of George and Zimmerman, or by Lawrence George, amounting to 175 shares, in said corporation, of the par value of $17,500.00 is held as collateral security for the sum due said firm of George and Zimmerman for architects' fees, in connection with said building, and that said Hauser is authorized to make adjustment with said firm of George & Zimmerman, or with said Lawrence George, upon the best basis possible of said Architects' fees so secured by said stock as collateral, but that the said Hauser, at all events, is to see to it that the said Clinehens is released and relieved from all personal liability to said architects for any compensation in connection with said services."

The complaint, tested upon the theory upon which it was drawn, was sufficient to withstand the assault of the demurrer, for when the purchaser of property agrees as consideration therefor, to pay the purchase money to a third person in satisfac-

tion of a debt owing by the seller to such third person, such an agreement is not a promise to pay the debt of another as contemplated by paragraph 2, sec. 33-101, Burns' 1933, §8363, Baldwin's Ind. St. 1934, and does not have to be in writing. *Lowe* v. *Hamilton* (1892), 132 Ind. 406, 31 N. E. 1117; *Collins* v. *Stanfield* (1894), 139 Ind. 184, 38 N. E. 1091; *Dickson* v. *Conde* (1897), 148 Ind. 279, 46 N. E. 998; *Gregory* v. *Arms* (1911), 48 Ind. App. 562, 96 N. E. 196; *Baltes, etc., Co.* v. *Sutton* (1903), 32 Ind. App. 14, 69 N. E. 179; 27 C. J. sec. 54, p. 161. The contract between the appellant and Clinehens having been entered into by them for the benefit of the architects they could bring suit upon it in their own names to enforce it. *Hess* v. *Lackey* (1921), 191 Ind. 107, 132 N. E. 257. The demurrer to the complaint was properly overruled.

From an examination of the record, it appears that at the trial of the cause appellant was permitted to introduce evidence under the general denial and other special paragraphs of answer, in support of the facts alleged in the second paragraph of answer to which a demurrer was sustained, so that the error, if any, in sustaining the demurrer in question was harmless. *Rowley* v. *Pogue* (1932), 203 Ind. 655, 178 N. E. 449.

The causes for a new trial not waived and requiring our consideration were, that the decision of the court was not sustained by sufficient evidence, that it was contrary to law, and for newly discovered evidence. Appellant's third and fourth paragraph of answer pleaded payment. It is insisted by appellant that certain shares of stock in the College Court Realty Corporation were issued to and accepted by the architects in payment of their services as such in the construction of the building. The architects admitted that stock in the corporation had been issued to them, but contended that it was received and held

by them as collateral security only, for the payment of their fees. As applied to the facts, this was the principal point of contention; the evidence relating thereto was conflicting. Upon this and the other questions of fact tendered by the issues the court found for the architects. There is ample evidence to sustain the decision of the court and it is not contrary to law. This court will not weigh the evidence when it is conflicting.

Finally appellant says the court should have granted him a new trial because of newly discovered evidence. This newly discovered evidence consisted of an ██ alleged carbon copy of an architects' certificate issued by them in which mention was made of the issuing to them of shares of common stock in the College Court Realty Corporation on account of architects' fees, to be held in escrow by a named party until such time as the architects were entitled to it. The affidavit in support of this cause for a new trial does not clearly set out the time, place, or circumstance under which appellant made inquiry or search for the alleged certificate; whether it was in fact signed and issued by the architects, and, if so, to whom issued; whether it was ever received by parties authorized to receive it and actually acted upon by them; why appellant did not know of the existence of the certificate before the trial if it was in his possession and in his files; and in what papers and files and among what "certain papers pertaining to other matters" it was found after the trial.

In discussing the sufficiency of a motion for a new trial, because of newly discovered evidence, in the case of *Donahue* v. *State* (1905), 165 Ind. 148, 156, 74 N. E. 996, our Supreme Court said:

"The affidavits filed on appellant's behalf do not sufficiently rebut the inferences of negligence and want of good faith which in such applications inevitably present themselves as obstacles in the path

of the moving party where there is not the clearest showing to the contrary. The peace of society, which demands that there shall be an end of litigation, the temptation to perjury to escape the adverse verdict, and the unconscionable advantage of having two opportunities to win, which the negligent suitor would enjoy, are reasons which conspire to cause courts to look with disfavor on applications for a new trial on the ground of newly discovered evidence, and to refuse relief in the absence of a clear showing of diligence. In *Hines* v. *Driver* (1885), 100 Ind. 315, this court quoted with apparent approval the following statement of the law upon the subject as laid down in *Baker* v. *Joseph* (1860), 16 Cal. 173: 'Applications for this cause are regarded with distrust and disfavor. The temptations are so strong to make a favorable showing, after a defeat in an angry and bitter controversy involving considerable interests, and the circumstance that testimony has just been discovered, when it is too late to introduce it, so suspicious, that courts require the very strictest showing to be made of diligence, and all other facts necessary to give effect to the claim.' "

It is agreed that the newly discovered evidence must be of such a character as to make it obvious that upon another trial of the cause a different result will be attained. We are not able to say that the record before us presents such a case. *Donahue* v. *State, supra.*

The granting of a new trial for newly discovered evidence is largely within the discretion of the trial court, and it is only when there has been a manifest abuse of discretion that this court will interfere with his action. *Lowry* v. *Indianapolis, etc., Co.* (1921), 77 Ind. App. 138, 126 N. E. 223. We are not confronted with such a situation in the instant case.

The motion for a new trial was properly overruled. Judgment affirmed.