## CURTIS v. MANN.

[Nos. 15,514 and 15,474. Filed April 20, 1938. Rehearing denied June 1, 1938. Transfer denied September 29, 1938. Petition to reconsider denied October 17, 1938.]

602

*L. Russell Newgent, Faye S. Hamilton* and *John H. Baldwin,* for appellant.

*Charles McGaughey, Kivett & Kivett* and *John E. Sedwick,* for appellee.

DUDINE, P. J.—The above entitled cause numbered 15,514 is an appeal from a judgment against appellant in the sum of $500.00 in a suit for slander instituted against her by appellee.

The issues were formed by an amended complaint in five paragraphs and an answer in general denial. The first, second, and third paragraphs of the complaint each alleged in effect that appellant uttered false statements that appellee stole "three red hens" belonging to her (appellant). The fourth alleged in effect that appellant made false statements that appellee stole a pair of pliers belonging to appellant. The fifth alleged in effect that appellant maliciously made false statements that appellee had had sexual intercourse with her own (appellee's) son and thus conveyed gonorrhea to him.

The cause was submitted to the court for trial on said pleadings without the intervention of a jury, and the court found for appellee and rendered judgment against appellant as we have indicated. Appellant duly filed a motion for new trial, which motion was overruled.

The only error properly assigned is alleged error in overruling the motion for new trial. See Sec. 2-2401, Par. First, Burns 1933, §368 Baldwin's 1934; *Collett* v. *State* (1901), 156 Ind. 64, 59 N. E. 168; Elliott's Appellate Procedure, Sec. 848.

The causes for new trial properly assigned are: (1) alleged surprise which ordinary prudence could not have guarded against; (2) the decision is not sustained by

sufficient evidence; (3) the decision is contrary to law; (4) the damages are excessive.

In her first cause for new trial, and in support thereof, appellant avers as follows: ". . . that this defendant (appellant) was surprised at the procedure, the questions propounded to the witness, and surprised at the answers the witness gave; that this defendant asked the court for time that she might procure counsel, and time in which to get witnesses to refute testimony so given by said witness; that had she known of or anticipated such a procedure, or such questions and answers, she could possibly have procured witnesses who would have testified that the witness had told them substantially the same story that he had told on the witness stand the day before. That she could have procured the evidence of Dr. ————, a competent physician, of ————, who would have testified that the witness, Elmer Fisher, had made the same statements to him, and could have produced other witnesses who had heard said Elmer Fisher make similar statements, before he was summoned or used as a witness in her behalf, thereby establishing that if her reputation had been damaged as alleged by the plaintiff, that it was her own son who had made the statements about the plaintiff that had damaged her."

"Exhibit A," referred to in said motion purports to be a transcript of part of the testimony of said Elmer Fisher wherein the witness admits that the testimony he had previously given, as a defendant's witness, was untrue and testified that appellant had induced him to give such false testimony.

Appellant, having no counsel, represented herself in the trial of this cause. She cross-examined plaintiff's witnesses in chief, examined her own witnesses in defense and cross-examined said witness Elmer Fisher after he had given the testimony complained of by her.

It should be noted that appellant's contention, stated in said cause for new trial, that plaintiff's attorney "instead of permitting the witness to make such corrections as he desired . . . (the attorney) proceeded to propound to said witness questions that put into the mouth of the witness such answers as he desired," is in effect merely an objection to the form of the questions which were asked the witness by plaintiff's counsel. The record does not show that any objections were made at the time said questions were asked the witness. No objections having been made, the error, if any, in permitting the witness to answer the questions, was waived.

It should be further noted that appellant's contention, stated in said cause for new trial, that she was surprised at "the procedure, the questions propounded to the witness and surprised at the answers the witness gave," is in effect merely a statement that the witness testified differently than appellant expected him to. The mere fact that appellant's witness changed his testimony does not establish surprise which warrants the granting of a new trial on account of surprise. *Ruger* v. *Bungan* (1858), 10 Ind. 451; *Stanley* v. *Sutherland et al., Admr.* (1876), 54 Ind. 339.

With reference to appellant's statement in said cause for new trial that she "asked the court for time that she might procure counsel, and time in which to get witnesses to refute testimony so given by said witness," it should be noted that the record does show that during appellant's cross-examination of said witness: "Mrs. Curtis, the plaintiff, asks for a continuance of the case *until she could hire an attorney*. (Our italics.) Motion overruled. . . ." There is no other request or motion for continuance shown by the record.

Appellant does not contend that she did not have ample opportunity to employ counsel before the trial. We may and do assume that she had such opportunity and that she *elected* to proceed without an attorney. Having so elected she can not properly contend that she is entitled to a new trial because she was surprised at the court's action in overruling said motion for continuance. Certainly her situation of being in court without counsel could have been guarded against. See Sec. 2-2401, Par. First, Burns 1933, §368 Baldwin's 1934.

In her brief appellant states points and authorities in support of a proposition that the court erred in overruling said "motion for continuance." It is sufficient to say, with reference to said proposition, that the overruling of said motion for continuance is not assigned in the motion for new trial as a cause therefor, and therefore said question is not presented.

Appellant says further in said cause for new trial that "had she known of or anticipated such a procedure, or such questions and answers, she could have procured witnesses who would have testified that the witness (Elmer Fisher) had told them substantially the same story that he had told on the witness stand (when he testified as a defense witness) ; that if her (appellee's) reputation had been damaged . . . it was her own son who had made the statements about the plaintiff that had damaged her."

The facts thus stated do not show that if a new trial had been granted a different result might have been reached. Even if it were shown that plaintiff's son made statements similar to those charged against appellant, that would not be proof of a defense to the charges in the complaint that appellant made such slanderous statements. Such evidence might show mitigation of damages but evidence which bears only on the question

of damages is not a proper basis for a new trial on account of newly discovered evidence. *Ellis* v. *City of Hammond* (1901), 157 Ind. 267, 61 N. E. 565, and authorities therein cited.

"To secure a new trial on the ground of newly discovered evidence, it must appear that the new evidence is of such a character as to raise a reasonable presumption that the result would be different on another trial." *Pleak* v. *State* (1929), 201 Ind. 274, 279, 167 N. E. 524. See also *Hauser* v. *George* (1935), 100 Ind. App. 346, 195 N. E. 592. The newly discovered evidence referred to in said cause for new trial does not raise such a presumption.

For the reasons stated we hold that said cause for new trial does not state and the record does not show facts sufficient to warrant a new trial on account of surprise.

Appellant says in its brief that the court "in making its findings stated that it was finding for appellant on all paragraphs except the fifth," and appellant, in her points and authorities in support of the assigned error that the decision is not sustained by sufficient evidence, refers almost exclusively to alleged insufficiency of the evidence to sustain the decision as to the fifth paragraph of complaint.

The record does not show that the court found for appellant on the first four paragraphs of complaint, but shows that the court found for appellee generally. If the evidence is sufficient to sustain the decision as to any of the paragraphs of complaint, the judgment should not be reversed for insufficiency of the evidence to sustain the decision.

We deem it inadvisable to discuss the evidence in detail. We have considered all of appellant's contentions as to alleged insufficiency of the evidence to sustain the decision and we deem it sufficient to say that the evi-

dence most favorable to appellee, when considered together with inferences properly deducible therefrom, is sufficient to sustain the decision of the court as to the fifth paragraph of complaint.

Appellant contends the decision is contrary to law because it is based on evidence of slander "uttered by appellant subsequent to the filing of this action." The record shows that the original complaint in this action was filed on September 14, 1933. That complaint did not charge appellant with uttering false statements as to indecency and degeneracy of appellee. On May 1, 1934, appellee filed the *amended* complaint upon which the trial proceeded. No objection was made to the filing of the amended complaint. It is true the evidence in support of the fifth paragraph of the complaint did refer to utterances by appellant allegedly made subsequent to the filing of the original complaint but this case was tried, without objection upon the issues presented by the *amended* complaint, which was filed after said slanderous utterances were allegedly made by appellant; therefore evidence of said slanderous statements was a proper basis for the court's decision. *Pitzele* v. *Reuping* (1904), 32 Ind. App. 237, 68 N. E. 603; *Northern Ind. Power Co.* v. *Castor* (1928), 88 Ind. App. 339, 156 N. E. 571. (Appellant cites *Barker* v. *Prizer* [1897], 150 Ind. 4, 48 N. E. 4. It should be noted that the court was considering a *"supplemental* complaint" in that case.)

What we have said with reference to appellant's contention that the decision is contrary to law is a sufficient answer to all of appellant's points in support of her contention that the damages were excessive, but we deem it expedient to note that in slander and libel cases the amount of damages to be awarded is to be determined from the facts proven, and not from opinions of witnesses as to the amount of damages sus-

tained. *Alley* v. *Neely* (1839), 5 Blkf. 200; the amount of damages is peculiarly within the province of the court or jury trying the cause. *Tracy* v. *Hacket* (1897), 19 Ind. 133.

The decision in said cause (No. 15,514) was rendered on June 22, 1934. On March 22, 1935, appellant filed a complaint against appellee for a new trial of said cause, to which appellee addressed a demurrer for insufficiency of facts. The demurrer was sustained and appellant declining to plead further, judgment was rendered against her "that a new trial be denied." Appellant perfected an appeal from said judgment to this court. (Cause number 15,475 in this court.) The sole error assigned is the court's action in sustaining said demurrer. The two causes have been consolidated in this court.

Appellant contends that said complaint for new trial states facts sufficient to constitute a cause for new trial on account of newly discovered evidence.

That complaint covers approximately thirteen pages of the transcript. No good purpose would be served by incorporating it in this opinion.

"To secure a new trial on the ground of newly discovered evidence, it must appear that the new evidence is of such a character as to raise a reasonable presumption that the result would be different on another trial." *Pleak* v. *State, supra* (p. 279). See also *Hauser* v. *George, supra*.

The newly discovered evidence set up in the complaint is evidence of said witness Elmer Fisher who, the complaint alleges, testified as a defense witness for appellant on the first day of the trial of the cause, and on the following day testified that his testimony given on the *first* day was false, and then testified that appellant induced him to give such false testimony. Appellant

alleges in her complaint that said witness will swear, in a new trial of the cause, that the testimony given by him on the *second* day was false, and that he was induced by appellee's attorneys to give such false testimony.

We deem it unnecessary, and inadvisable to publish, in this opinion, the testimony which the complaint alleges will be given by said witness. In view of the fact that said witness admitted on the second day of the trial that he had perjured himself on the first day, it is utterly improbable that a different result would be reached in another trial if said witness then admitted that he had perjured himself on the second day of the trial. See *Pleak* v. *State supra.* There are other reasons why it is improbable that a different result would be reached in another trial, but we deem it beneficial to the parties, and advisable to refrain from discussing them.

We hold that the demurrer to the complaint was properly sustained.

No reversible error having been shown in either of the causes consolidated, the judgments are each affirmed.