The City of Frankfort v. Coleman.

---

THE CITY OF FRANKFORT v. COLEMAN.

[No. 2,370.  Filed February 24, 1898.]

NEGLIGENCE.—*Defective Street.— Personal Injuries.— Sufficiency of Complaint.—Municipal Corporations.*—A complaint alleging that while plaintiff was walking home on a street in general use by the public she stepped into an excavation or hole in the portion of such street generally used by pedestrians and was injured without her fault, states a good cause of action against defendant city, where it is alleged that such holes or excavations were dug more than sixty days prior to the injury, and that the city had notice of them at the time they were dug but that plaintiff had no knowledge of the existence thereof. *pp. 369, 370.*

MUNICIPAL CORPORATIONS.—*Streets.*— Where a public highway is brought within the corporate limits of a city and left open for public travel the city is bound to keep such highway in reasonably safe condition for travel, whether such road was laid out and opened by the board of county commissioners or had become a public highway by user. *pp. 370, 371.*

SAME—*Streets.—Repairs.*—When a street within the limits of a city is in common use by the people, it is the duty of the city to keep it in a reasonably safe condition for ordinary travel whether it is an improved street or not. *pp. 371, 372.*

SAME.—*Streets.—Sidewalks.*—A sidewalk is a part of a street, and the authority of a city over a street extends over the sidewalk as a part of the street. *p. 372.*

EVIDENCE.—*Weight Of.*—The verdict of a jury will not be disturbed on the ground of conflicting evidence where there is some evidence to support it. *p. 372.*

The City of Frankfort *v.* Coleman.

MUNICIPAL CORPORATIONS.—*Defective Streets.—Notice of Defect.—*
Actual notice on the part of a city of a defective street or sidewalk
is not necessary where the defect has existed for such a length of
time that with reasonable diligence it might have been known.
*p. 373.*

SAME.—*Defective Streets.—Knowledge of Defect.—Contributory Neg-
ligence.—*The fact that a person injured on a defective sidewalk
had knowledge of the defect will not deprive him of his right of
action for such injury, but such knowledge, together with all other
facts bearing upon the question, is to be considered by the jury in
determining whether such person was guilty of contributory negli-
gence. *pp. 373, 374.*

HIGHWAYS.—*When Road Becomes Public Highway by Use.—*Where
a highway has been used by the public for more than twenty years
it becomes a lawfully existing highway, and the right of the public
to use it becomes fixed. *p. 374.*

DAMAGES.—*Amount Of.—Discretion of Jury.—*A jury has a wide
discretion in awarding damages, and a verdict will not as a general
rule be disturbed on account of excessive damages. *p. 375.*

JUDGES.—*Misconduct of During Trial.—Harmless Error.—*A state-
ment by the court in the trial of a cause, in the presence of the
jury, referring to absent witnesses, "I do not feel disposed to keep
this jury waiting at the expense of the county to suit the conven-
ience of saloon-keepers and gentlemen of elegant leisure," is not
reversible error. *pp. 375, 376.*

From the Clinton Circuit Court.    *Affirmed.*

*J. T. Hockman,* for appellant.

*O. E. Brumbaugh* and *Joseph Combs,* for appellee.

ROBINSON, C. J.—Appellant appeals from a judg-
ment recovered by appellee for injuries received be-
cause of a defective sidewalk, and assigns as error
the overruling of the demurrer to the complaint, the
overruling of the motion for a new trial, and the
motion in arrest of judgment.

The complaint alleges, in substance, that on the
4th day of July, 1894, appellee, in the exercise of due
care and caution, was walking home on a public high-
way and street known as Fifth street in said city,
which street was used by the citizens thereof and the

public generally and had been for more than ten years prior thereto; that said highway had negligently been allowed to become and was out of repair and in a dangerous condition for pedestrians to travel over, on account of a number of dangerous holes and excavations in that part generally used by pedestrians; that said holes were dug more than sixty days prior to the date aforesaid, and that the city had notice of them at the time they were dug but carelessly and negligently failed and neglected to repair said highway, or to fill up or remove said dangerous holes and excavations all of said time; that appellee at said time had no knowledge of the existence of said holes, and that the night was too dark for her to see them; that by reason of the carelessness and negligence of appellant in permitting said holes to be and remain in said highway, and by carelessly and negligently failing to repair the same for a period of more than sixty days, appellee, without any fault or negligence on her part, stepped and fell into one of said holes and excavations, whereby she was greatly and permanently injured, the particulars of which are set out in the complaint.  We do not think the complaint open to the objections urged against it.  It appears from the complaint, taking the pleading as a whole, that the place where appellee was injured was upon a public street of said city; that the city had notice of the defective condition of the street, that the injury occurred at a place within the corporate limits of the city and at a place which it was the city's duty to keep in repair.

The first, second, and third causes for a new trial were that the verdict was not sustained by sufficient evidence, and was contrary to the evidence and the law.  These are considered together in appellant's brief, and will be so considered here.  It is insisted by appellant's counsel that if any excavation existed where appellee was injured, it was on the outside of

the line of the street, and was not at a place which the city was bound to keep in repair. The highway upon which the injury occurred was already in existence when the territory through which it passes became a part of the city; and when this territory was annexed the highway remained and still remains as it then was. The city, by bringing the highway within its corporate limits and leaving it open for public travel, became bound to keep it in an ordinarily and reasonably safe condition for travel. The duty of the city to keep the way in repair was the same, whether the road was laid out and opened by the board of county commissioners or had become a public highway by user.

In 1872 the board of commissioners of the county established a certain highway along the line where the alleged injury occurred. There is a conflict in the evidence as to the location of the exact boundary lines of this highway, and a conflict as to whether the hole or excavation causing the alleged injury is within the limits of the highway thus established by the board. The highway laid out by the board was described as "commencing at the south end of Fifth street, in Torrence's addition to the town of Frankfort; thence south, with the variations of said street, about seventy poles," etc. The road was made fifty feet wide. A question arose on the trial whether this road, as laid out, was run with the variations of the town or with the section line. There was some evidence to the effect that the road established by the board was never opened and used by the public, but that a different way was opened and used. And there was evidence that the holes or excavations were within the limits of the road as established by the board of commissioners and that they were within the limits of the road as opened and used by the public,

and there is evidence that the city, through its street commissioner, had expressly recognized the walk where the injury occurred as a part of the street or highway. In *City of Lafayette v. Larson*, 73 Ind. 367, it is said: "When a street within the limits of a city is in common use by the people, it is the duty of the city to keep it in a reasonably safe condition for ordinary travel. *City of Indianapolis v. Gaston*, 58 Ind. 224. This is true whether the street be what is technically called an improved street or not." See *Town of Fowler v. Linquist*, 138 Ind. 566. A sidewalk is a part of a street, and a city's authority over a street extends over the sidewalk as a part of the street. *Taber v. Grafmiller*, 109 Ind. 206; *City of Kokomo v. Mahan*, 100 Ind. 242; *State v. Berdetta*, 73 Ind. 185, 38 Am. Rep. 117.

Counsel for appellant and for appellee have filed very voluminous briefs and much space is occupied discussing evidence which was conflicting. There is evidence in the record that the defects were within the limits of the way as established and laid out by the board of commissioners, and that the defects were within the limits of a way used by the public continuously for more than twenty years. Much of the testimony of some of the witnesses is very unsatisfactory as it comes to us, for the reason that they testify directly from maps, and while the maps are in the record, there is nothing by which we can tell, in a great many instances, what lines or points were testified about. We have given the evidence a careful consideration and there is some evidence to support the finding. The rule is too well settled to need the citation of any authorities that the verdict of a jury will not be disturbed where there is some evidence to support it, no matter what the appellate tribunal may think about the preponderance of the evidence.

It is claimed by counsel that it is not shown that the city had notice of the defect. The particular defect consisted of some half dozen holes from six to eight inches in diameter, and from two or three to ten inches in depth. There is evidence tending to show that the street commissioner of the city knew of the holes in the street; but whether there is sufficient evidence to show that the city had actual notice, there is evidence that the holes were dug in the walk in April and remained there until July when appellee was injured. A number of witnesses testified to having seen the holes at different times between the time they were dug and the time of the accident. It is a well settled rule that actual notice, on the part of a city, of a defective street or sidewalk, is not necessary if the defect has existed for such a time that with reasonable diligence the defect might have been known. *Buscher* v. *City of Lafayette*, 8 Ind. App. 590; *City of Evansville* v. *Wilter*, 86 Ind. 414. *City of Logansport* v. *Justice*, 74 Ind. 378, 39 Am. Rep. 79. See *City of Columbus* v. *Strassner*, 124 Ind. 482.

It is argued by counsel that if appellee had passed along the street, and there were holes in the path or sidewalk, she knew the holes were there, and if with this knowledge she went there the night of the injury she assumed all risks. We do not question the rule that a person going upon a sidewalk known by him to be dangerous, must exercise care in proportion to the danger he might encounter by reason of the defect. *City of Indianapolis* v. *Cook*, 99 Ind. 10. But in the case at bar there was evidence from which the jury may have concluded that appellee did not know of the defect in the walk. And, if she did have knowledge of the defect, that fact itself would not deprive her of her right of action. In such case the fact that a person has knowledge of the defect, with all the

other facts bearing on the question, is to be considered by the jury in determining whether such person was guilty of contributory negligence. *City of Columbus* v. *Strassner, supra.* Taking all the evidence bearing upon appellee's freedom from fault, we cannot say that at the time she was injured she failed to exercise such care as a reasonably prudent person would exercise under like circumstances. See *Town of Fowler* v. *Linquist, supra.*

Appellant's counsel says that the thirteenth instruction given by the court to the jury might be proper in certain cases, but that it was not applicable to the case on trial. This instruction is as follows: "A way which has been used by the public as a public highway continuously for twenty years, becomes a public highway, and the width of the highway is determined by the width of the road as used at the end of twenty years. All parts of the road used by the public at the end of that time are part of the public highway." There was evidence to the effect that the public had used the particular place where the injury occurred for more than twenty years, and that it was a part of a highway used by the public. Although the place was a street in a city, it was no less a public highway. Elliott Roads and Streets, 12. When the city took within its corporate limits a highway, and the public continued to use the highway as it existed and had been used before, and such use had continued for more than twenty years, a highway, in which the public acquired the right to travel, became established, and it became the duty of the city to keep it in a reasonably safe condition for travel. Where a highway has been used by the public for more than twenty years it becomes a lawfully existing highway, and the right of the public to use it becomes fixed. *City of Ft. Wayne* v. *Coombs,*

107 Ind. 75, 57 Am. Rep. 82.   The force and effect of such use as against a city attempting to lay out or widen a street presents an entirely different question, with which we have nothing to do in this case.

The jury returned a verdict for $1,000, which appellant's counsel argue is excessive.   Appellee testified that she was forty-eight years of age when injured and in good health; that she did all her own housework and worked for others prior to her injury; that since the injury she has suffered pain all the time, and has never been able to do all her housework, and that the injury was growing worse.   There was further evidence that the injury is of such a character that it produces great pain, is not easily cured, and in a very  large  proportion of cases there is no recovery from it.   A jury has a very broad discretion in the matter of damages, and as a general rule the verdict of a jury will not be disturbed on account of excessive  damages,  unless  they  are,  as  said  by Chancellor Kent, "so outrageous as to strike every one  with  the  enormity  and  injustice  of  them, and so as to induce the court to believe that the jury must have acted from prejudice, partiality and corruption."   Lake Erie, etc., R. W. Co. v. Acres, 108 Ind. 548; Pittsburgh, etc., R. W. Co. v. Sponier, 85 Ind. 165; Louisville, etc., R. W. Co. v. Falvey, 104 Ind. 409; Lauter v. Duckworth, post, 536; Ohio, etc., R. W. Co. v. Judy, 120 Ind. 397; Kelley v. Kelley, 8 Ind. App. 606.   We cannot say that the amount assessed by the jury in this case is excessive.

Complaint is made of alleged misconduct of the court during the trial.   It appears by a bill of exceptions that during the trial appellant called three witnesses, and, none of them being in the court room when they were called to testify, the court, in the hearing and presence of the jury said: "If you will furnish the names of the absent witnesses to the clerk,

The City of Frankfort v. Coleman.

I will see that they are brought in. I do not feel disposed to keep this jury waiting at the expense of the county to suit the convenience of saloon-keepers and gentlemen of elegant leisure. I saw one of these witnesses as I came to court, and he can be obtained easily." Appellant's counsel objected and excepted to the remarks to which the court replied, "I stand by what I said," to all of which appellant excepted. The particular expression to which appellant's counsel objects is the expression "saloon-keepers and gentlemen of elegant leisure." While we cannot approve the making of such a statement by a trial court, yet we do not think such conduct is reversible error. The expression was not in the nature of evidence, nor was it a statement of any fact which would necessarily discredit the testimony of a witness to whom it might be applied. We are not prepared to say that such a remark would prejudice appellant's case before a jury of average intelligence. It was not necessarily discrediting the witnesses. We are not able to say what the court meant by "gentlemen of elegant leisure," and we cannot presume that the jury understood the words as a reflection upon the truthfulness of the witnesses. We cannot say that the words used would tend to destroy the character of the testimony of the witnesses in the estimation of the jury. Such a statement by a court in the presence and hearing of a jury is error, but we cannot say it is reversible error.

Upon many of the questions involved in this case, the evidence, as we have said, is not very satisfactory, but upon none of the issues, to establish which the burden was upon appellee, can we say there was a failure of proof. There is some evidence in the record to sustain the conclusion reached by the jury, and in that view of it, we cannot disturb the finding. Judgment affirmed.