PARKMAN, ADMINISTRATOR ET AL. *v.* COURSON.

[No. 15,316. Filed February 11, 1937.]

*Owen S. Boling, Godfrey D. Yaeger* and *McCracken & Eikenbury,* for appellants.

*Plummer & Plummer,* for appellee.·

LAYMON, J.—Appellee instituted this action against appellants to recover upon a promissory note and for foreclosure of a mortgage on certain real estate, which note and mortgage were alleged to have been executed by George B. Parkman. The complaint was in one paragraph, which alleged in addition to the execution of the note and mortgage that George B. Parkman died intestate, a resident of Wabash County, State of Indiana, and

left as his sole and only heirs at law his sons, Harold Parkman, Henry Parkman, Frank Parkman, and John Parkman, all of whom were made parties defendant to said action. The wives of the respective heirs and Frank Parkman, administrator of the estate of George B. Parkman, deceased, were also made parties defendant to answer to whatever interest they might have in and to said real estate. The appellants filed their separate and several answers in five paragraphs, the first in general denial, and the second, third, fourth, and fifth paragraphs in substance alleging: That George B. Parkman died intestate on June 13, 1932; that he did in fact sign the promissory note and the mortgage described in appellee's complaint; that on June 25, 1932, Frank Parkman was appointed administrator of the estate of George B. Parkman, deceased; that said administrator thereafter filed his final report which was approved September 14, 1932, at which time said administrator was discharged; that appellee did not at any time file any claim in said estate for the note and mortgage sued upon; that said George B. Parkman was, on the 15th day of September, 1930, the date of the execution of the note and mortgage, and for a long time prior thereto and up until his death, a person of unsound mind, all of which was well known to the appellee; that appellee at all times had full notice and knowledge of such mental condition of George B. Parkman; that appellee fraudulently coerced, influenced, and induced said George B. Parkman to execute said note and mortgage sued upon, knowing at the time of the unsoundness of mind of said George B. Parkman; that there was a failure of consideration. The appellee filed a verified reply in general denial to the second, third, fourth, and fifth paragraphs of appellants' answers. The appellants also filed a pleading designated as a "plea of disaffirmance," reciting in substance: That the

appellants were the sole and only heirs at law of George B. Parkman who died intestate on the 13th day of June, 1932, a resident of Wabash County, State of Indiana; that George B. Parkman signed the note and mortgage sued upon; that at the time of the execution of said note and mortgage George B. Parkman was of unsound mind, which fact was known to the appellee; and that appellants and each of them separately and severally disaffirm the execution by George B. Parkman of the promissory note and mortgage referred to in appellee's complaint. The appellee filed two paragraphs of verified answer addressed to this plea, the first a paragraph of general denial and the second alleging in substance: That prior to the execution of the note and mortgage sued upon, George B. Parkman and others had theretofore executed as sureties, depository bonds for and on behalf of a certain bank; that said bank had suspended operation and that action had been commenced on said bonds to recover thereon from said sureties; that there was due and owing at this time upon said bonds the sum of $12,363.58; that said bondsmen did not have sufficient funds with which to pay said liabilities and that appellee advanced the sum of $1,500 to George B. Parkman to provide him with funds to pay his proportionate part of the liability; that to secure the appellee for such amount George B. Parkman executed and delivered his note and the mortgage sued upon; that George B. Parkman and the other bondsmen entered into a written contract, reciting in substance their obligations on behalf of the bank because of the surety bonds executed by them and setting out the proportionate amount of funds which they were to provide in the payment of said liabilities. Said answer further alleged that after the note was given to appellee George B. Parkman made two separate payments of interest thereon; that said appellants knew that said note and

mortgage had been given, knew that the money had been advanced thereon by the appellee, and did not at any time deny the execution of the note and mortgage, or disaffirm the same, or give appellee any information that they intended to disaffirm said note and mortgage until the filing of their plea in the present action; that said appellants at no time offered to return the consideration paid by the appellee for said note and mortgage. To this second paragraph of answer the appellants filed a reply in general denial. There was a trial by the court without the intervention of a jury, resulting in a finding, judgment and decree for appellee in the sum of $1,916, foreclosure of the mortgage, and an order that the real estate described in said mortgage be sold to pay said judgment and costs. A motion for a new trial was filed and overruled, and this appeal followed. Appellants assign as error the overruling of the motion for a new trial, which motion recites the following causes: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) the appellants have, since the trial, discovered evidence material to their defense.

Before going into the questions presented by this appeal it is necessary for the court to dispose of appellee's verified motion to dismiss the appeal as to Frank Parkman, administrator of the estate of George B. Parkman, deceased, which motion was filed on March 22, 1935, and predicated upon the order book entry of the Probate Court of Marion County made in the proceedings of the estate of George B. Parkman, deceased, to the effect that on September 16, 1933, the final report of Frank B. Parkman, administrator of the estate of George B. Parkman, deceased, was by the court approved and said administrator discharged.

Appellee contends that inasmuch as the said Frank Parkman was no longer administrator of said estate

and had been discharged as such administrator he had no authority to appeal this cause as such administrator. In this contention we agree and sustain appellee's motion to dismiss the appeal as to the appellant, Frank Parkman, administrator of the estate of George B. Parkman, deceased.

It is apparent from the record that Frank Parkman, as administrator of the estate of George B. Parkman, deceased, was made a nominal party to answer to whatever interest he might have; that there was no personal judgment rendered in said action; that the administrator filed a final report in said estate and that said report was by the court approved and said administrator discharged without resorting in any way to said real estate involved in said action. It therefore appears that the administrator had no interest in the action below, and the dismissal of the appeal as to him could in no way affect the merits of this appeal.

The appellants contend that the decision of the court is not sustained by sufficient evidence by asserting that the "preponderance" of the evidence shows that George B. Parkman was of unsound mind on September 15, 1930, at the time of signing the note and mortgage sued upon, and there is no legal evidence in the record to show a consideration for the note and mortgage. We do not agree with appellants' contention, and from our examination of the record we find that there is ample evidence to sustain the decision of the trial court that George B. Parkman was of sound mind at the time he executed the note and mortgage in suit. The evidence upon this subject was conflicting, and this court is not permitted to and will not weigh it. As to the consideration for the note and mortgage, it is clearly apparent from the evidence that the appellee paid the sum of $1,500 for appellants' decedent on depository bond obligations of said decedent, under and

pursuant to a written contract. Appellee had no interest whatever in the depository bond obligations. Under a separate arrangement among the bondsmen she advanced the sum of $1,500 for and on behalf of appellants' decedent in order that he might discharge his liability on said depository bonds. This evidence clearly shows a sufficient consideration.

The appellants further contend that George B. Parkman during his lifetime signed certain depository bonds, securing certain deposits raised by taxation in the Citizens State Bank of Lagro, Indiana, which bank afterwards became insolvent and closed its doors; that to prevent a judgment against him on such bonds and to procure funds for discharging any liability thereon, he, along with others, signed a written contract as a part of the same transaction of signing the note and mortgage sued upon; that the note and mortgage were given to secure funds to reimburse the taxing units for the deposits so secured; that the act of 1933, (Acts 1933, ch. 78), p. 488, released all personal obligations on such depository bonds, and that by reason of this statute there was a failure of consideration for the note and mortgage in suit. This contention is without merit, for the acts of the General Assembly of 1933 do not purport to nor intend to interfere with contracts between private individuals. So far as this particular transaction was concerned it amounted to a loan from appellee to appellants' decedent, and the effect of the act of 1933 could in no way have any application to the transaction between appellee and appellants' decedent.

The appellants further contend that the court erred in overruling their motion for a new trial on the ground of newly discovered evidence. We have carefully examined the affidavits in support of this contention. If such evidence were to be permitted, it could only be cumulative upon the subject of unsound-

ness of mind and is not of such a character as would be likely to produce a different result if a new trial were granted.

It is also apparent from a consideration of the evidence introduced in the trial and the character of the evidence described in the affidavits, made a part of appellants' motion for a new trial, that there was a lack of diligence in the presentation of this evidence in the trial of the cause. There is no apparent reason why this evidence could not have been discovered before the trial. Applications of this kind are regarded with distrust and disfavor and ought to be granted with great caution. *Donahue* v. *State* (1905), 165 Ind. 148, 7 N. E. 600.

In the case of *Scheigert* v. *Boyer* (1918), 69 Ind. App. 674, 122 N. E. 670, 690, the court said: "In considering a motion for a new trial on account of newly-discovered evidence, we should keep in mind: (1) That a new trial will not be granted on account of newly-discovered evidence where such evidence is merely cumulative or corroborative; (2) that a new trial will not be granted when such evidence is merely for impeachment, or in contradiction of evidence given on the trial; (3) that the party applying for a new trial on account of newly-discovered evidence must show diligence in attempting to procure such evidence before the trial; and, (4) that such evidence must be very material and decisive in character, and such as to render it reasonably certain that another trial would bring about a different result."

There was no error in the overruling of the motion for a new trial.

Judgment affirmed.