MUNSON ET AL. *v.* QUINN ET AL.

[No. 16,703. Filed December 4, 1941. Rehearing denied January 22, 1942.]

*Frank Plummer* and *George Garber*, both of Wabash, and *Kelton & Cline,* of North Manchester, for appellants.

*Raymond Brooks,* of North Manchester, for appellees.

FLANAGAN, J.—Ella Haines died on June 2, 1939. On May 1st of that year she had executed a will which, after making certain specific bequests, named, as residuary legatee and executor, appellee Robert Quinn, who had been a close friend of the family for many years. Her nearest relatives were her nieces and nephews,

appellants herein. They were not mentioned in the will and they commenced this action to contest its probate, alleging undue influence by appellee Quinn and unsoundness of mind of the testatrix.

Trial by the court resulted in judgment for appellees. The sole error relied upon for reversal is the overruling of appellants' motion for a new trial which assigned as reasons: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; and (3) newly discovered evidence.

Under their first and second assigned reasons for a new trial, appellants point to the fact that Robert Quinn prepared the will at the request of the testatrix, who was then 68 years old, and he thereby occupied a confidential relationship. Under such circumstances, appellants contend that the fact that the will was drawn in his favor raises the presumption that undue influence was used by him and that evidence of appellees has been insufficient to overcome such presumption.

It is settled in this State that presumptions are not evidence and that neither courts nor juries have any right to presume any fact in issue which they are called upon to determine. *Kaiser* v. *Happel* (1941), 219 Ind. 48, 36 N. E. (2d) 784; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 24 N. E. (2d) 284; *Minardo* v. *State* (1933), 204 Ind. 422, 183 N. E. 548.

Nor do we understand that such a relationship actually raises any presumption. It is true that courts have sometimes used language indicating that when one who occupies a confidential relationship draws a will in his own favor, undue influence is presumed. But we think it is clear from careful consideration of the cases that in such instances the word

"presumption" is used in the sense of "inference"; and that the correct rule is that such facts support an inference of undue influence. The fact of the confidential relationship, together with all other facts and circumstances in evidence bearing upon the question, are to be considered in determining whether undue influence does exist.

The trial court in this case had before it evidence as to the relationship of the several parties over a period of years, the degree of friendliness of decedent to Quinn and to her relatives, and other facts and circumstances which it could consider as bearing upon the question as to whether the will resulted from undue influence. We think there was ample evidence to sustain the decision of the trial court.

Appellants also assigned as grounds for a new trial newly discovered evidence. The new evidence is found in the offered testimony of four witnesses to the effect that from the actions and conversations of the testatrix they were of the opinion that she was of unsound mind on the 29th or 30th of April, 1939; and the offered testimony of two of the same witnesses that they were in a room adjoining that occupied by testatrix and appellee Quinn the day before the will was executed, that being the time Quinn claimed to have received detailed instructions from her for the preparation of the will; that they could not hear what was said but that he talked so much of the time that it would have been impossible for her to give him the required instructions.

The question as to whether a new trial should be granted on the grounds of newly discovered evidence is a matter largely in the discretion of the trial court, and on appeal the judgment of the trial court in that regard will not be disturbed unless the new evidence is so convincing as to raise a strong

presumption that a different result would be reached on a second trial. *Cobler, Admr.* v. *Prudential Life Ins. Co.* (1941), 108 Ind. App. 641, 31 N. E. (2d) 678; *Hicks* v. *State* (1938), 213 Ind. 277, 303, 11 N. E. (2d) 171, 12 N. E. (2d) 501; *Parkman, Admr.* v. *Courson* (1937), 103 Ind. App. 206, 5 N. E. (2d) 979; *Curtis* v. *Mann* (1938), 105 Ind. App. 601, 609, 14 N. E. (2d) 345.

The evidence offered in this case as above outlined is merely cumulative and not of such materiality as to indicate it would bring about a different result on another trial. The trial court did not abuse its discretion in refusing to grant appellants a new trial on account of newly discovered evidence.

The court did not err in overruling the motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 37 N. E. (2d) 693.