MONTGOMERY WARD & COMPANY, INC. *v.*
THALMAN ET AL.

[No. 17,892. Motion To Dismiss Appeal overruled October 17, 1949. Leave To Withdraw Transcript for Amendment granted December 27, 1949. Decision on Appeal filed June 28, 1950.]

474

*McClure, Shenk & Ellis,* of Kokomo; *David L. Dickson* and *Francis D. Roth,* both of Chicago, Illinois; and *Henry R. Sackett,* of Gary, for appellant.

*Don P. Strode,* of Kokomo; *Earl B. Barnes, Robert S. Ashby,* and *Barnes, Hickam, Pantzer & Boyd* (of counsel), all of Indianapolis, for appellees.

## ON MOTION TO DISMISS APPEAL

BOWEN, C. J.—The appellees have moved to dismiss this appeal on the grounds that the filing of the bill of exceptions is not properly shown in the record, and that, therefore, appellant's appeal, as briefed, presents no question. These matters presented in appellees' motion to dismiss are not jurisdictional, and present no grounds for dismissal, although such propositions might be urged as a ground for affirmance of the judgment.

Appellees' motion to dismiss appeal is, therefore, overruled.

NOTE.—Reported in 88 N. E. 2d 53.

## ON PETITION FOR WRIT OF CERTIORARI TO AMEND TRANSCRIPT

DRAPER, C. J.—The transcript and assignment of errors in this case were filed in the office of the Clerk of this court on April 23, 1949. The transcript shows, by order book entry under date of April 12, 1949, the approval and filing of a bill of exceptions containing the evidence. The final certificate of the clerk of the Howard Circuit Court is dated April 1, 1949, which date of course precedes that upon which the order book entry appears to have been made.

On June 21, 1949, the appellees filed a motion to dismiss this appeal on the ground that the filing of the bill of exceptions was not properly shown by the record.

That motion was overruled with opinion by this court filed October 17, 1949, and appearing in 120 Ind. App. 473, 475, 88 N. E. 2d 53.

On September 2, 1949, the appellant filed in this court its verified petition whereby it seeks a writ of certiorari, or other order of this court authorizing the correction of the date appearing in the clerk's certificate, which date is alleged to be erroneous in that, while the certificate appears to have been signed on April 1, 1949, it was, in truth and in fact, signed on April 12, 1949, after the bill of exceptions had been settled by the court and the order book entry above referred to had been made.

This court recognized its right to act in the premises, but was unable to agree on a decision of that petition, and the case was ordered transferred to the Supreme Court. Thereafter, in an opinion filed on the 16th day of December, 1949, and reported in 228 Ind. 486, 89 N. E. 2d 220, the Supreme Court said the question presented by appellant's petition must be passed upon and decided by this court, and the case was remanded to this court.

This court has now further considered the petition for writ of certiorari or other appropriate relief, the objections to the granting thereof filed by the appellee, and the briefs filed by the parties.

By the verified petition and the affidavits in support thereof, which are uncontroverted, it is shown to the satisfaction of this court that whereas the certificate of the clerk of the Howard Circuit Court appears to have been made on April 1, 1949, it was in truth and in fact made on April 12, 1949, after the bill of exceptions was approved and filed and the order book entry was made. The circumstances out of which the mistake and inadvertence arose are detailed in the said verified petition and supporting affidavits.

The appellant's time for perfecting its appeal expired prior to the date upon which its petition was filed. Appellees base their objections to the granting of it chiefly on the ground that we are without authority to grant it after the expiration of that time.

We have seen no authority which we construe as so holding. We cannot, by writ of *certiorari,* order the clerk of a Circuit Court to change the date of any certificate he has made, but upon a proper showing of actual error in the date of the clerk's final certificate, we have the authority to direct the clerk to correct the error, and make his certificate show the true date upon which it was signed. *City of Bloomington* v. *Hancock* (1947), 224 Ind. 609, 70 N. E. 2d 631. See also *Jackson* v. *Van Devender* (1881), 76 Ind. 27.

It is also contended that the appellant should be denied the relief sought because of a lack of diligence in seeking it, regardless of actual time limits. We think the record exhibits some lack of diligence on the part of the appellant, both in overlooking the error originally and in not sooner filing its application to have it corrected. The situation involves the exercise of a sound discretion on our part, and we have concluded that appellant's lack of diligence was not so great that we would be justified in denying the relief sought on that ground in this case, thus possibly defeating the ends of justice.

It is therefore the opinion of a majority of this court that the clerk of the Howard Circuit Court should be authorized and directed to change the date in said certificate over his present signature so as to make it speak the truth, and the appellant is granted leave to withdraw the transcript to enable him to present it to said clerk for that purpose, same to be done and the transcript returned to the clerk of this court within

15 days after the date of the filing of this opinion. See 3 Am. Jur., Appeal and Error, § 689; *Idaho & Oregon Land Co.* v. *Bradbury* (1889), 132 U. S. 509, 33 L. Ed. 433.

It is so ordered.

NOTE.—Reported in 89 N. E. 2d 294.

## DECISION ON MERITS OF APPEAL

BOWEN, J.—This is an appeal from a judgment on a complaint for a new trial under Section 2-2401, Burns' 1946 Replacement. Appellees originally filed an action against the appellant to recover monies alleged to be due pursuant to a lease, which was previously tried in the Howard Circuit Court, and which is now pending in this court as Cause No. 17480. This prior action was substantially identical to the case of *Johnson* v. *Montgomery-Ward, Inc.,* which is now pending in this court as Cause No. 17481 and was consolidated with it for trial.

Following the original trial judgment was rendered against appellees denying recovery. Following the judgment in the previous actions, appellees filed an original complaint in two paragraphs in the court below, asking that a new trial be granted pursuant to the aforementioned section of the statute, because of newly discovered evidence and surprise on the assigned grounds that certain stipulations and representations of facts peculiarly within the knowledge of the appellant were made at the trial in the lower court with regard to rental deductions; that the appellees relied upon defendant's representations and stipulations regarding those facts; that the fact that the appellant asserted it had a right to deduct from rentals monies paid for the rental of certain outside premises was

first discovered by appellees when appellant filed its answer brief in the appeal of said consolidated cause; and that the appellees used reasonable diligence and could not have known by the exercise of reasonable diligence before the entry of said judgment that appellant would assert a right inconsistent with its representations and stipulation of facts at the trial itself as to the deduction of rentals.

The lower court found in favor of appellees and ordered and decreed that the judgments previously rendered in the original actions, Cause No. 17480 and No. 17481, be set aside and new trials granted therein.

Errors assigned for reversal and not waived are that the court erred in overruling appellant's motion to modify the judgment, and that the court erred in overruling appellant's motion for a new trial.

Grounds of appellant's motion for a new trial are that the decision of the court is contrary to law and that the decision of the court is not sustained by sufficient evidence.

From the record the following facts appear: The appellant operates a department store and farm store in three interconnected buildings in the City of Kokomo, Indiana. Facing west on Main Street is the Thalman-Johnson Building and immediately to the south of it the Kresge Building. Across the alley in the rear of the Thalman-Johnson and the Kresge Buildings and facing north on Walnut Street is the Stewart Building. On January 27, 1933, appellant executed four leases, one each to Thalman and Johnson, who together owned the Thalman-Johnson Building, one to the owners of the Kresge Building and one to the Stewart Building covering portions of the basement, first, second, and third floors of that building. All of the leases were for terms of ten years commencing March 1, 1933. At the time the above leases were executed, the Great

Atlantic and Pacific Tea Company occupied the balance of the basement and first floor of that Stewart Building and continued to occupy that space until October 2, 1940. Appellant leased the entire Stewart Building from its owners and took over that part of the building formerly occupied by the A. & P. The payment of rentals to appellees under such leases provided for a fixed rental per year and a percentage rental based upon net sales, and contained a further provision that entitled the appellant to deduct from the rental paid for appellee's property one-half the rental paid for certain outside premises.

At the original trial of this cause the parties entered into Stipulation No. 19 which provides as follows: ". . . for the year beginning February 28, 1943, and ending February 28, 1944, defendant has deducted from amounts due from percentage rent, otherwise payable from net sales, the sum of $3,790.81 from the plaintiffs . . . the same representing rental paid by the defendant for said year for the *first floor and part of the basement of the Stewart Building above referred to.*" Such stipulation was correct as to the amount deducted from rental, but the premises were not correctly described therein inasmuch as the deduction was for rental for the entire Stewart Building and not merely for the first floor and portion of the basement, which was the space formerly occupied by the A. & P.

The granting of a new trial on grounds of newly discovered evidence is not a question of law, but largely in the discretion of the trial judge whose discretion will not be interferred with by this court except in cases of manifest abuse, and this court will very reluctantly reverse a decision of a trial court which grants a new trial. *Eastern Rock Island Plow Co.* v. *Stout* (1925), 84 Ind. App. 217, 147 N. E. 160;

*Munson* v. *Quinn* (1941), 110 Ind. App. 277, 37 N. E. 2d 693; *Lowry* v. *Indianapolis Traction and Terminal Co.* (1921), 77 Ind. App. 138, 126 N. E. 223.

This rule is subject to the requirement that it must appear that the newly discovered evidence would probably produce a different result if a new trial were granted.

The appellant contends that appellees have not exercised due diligence in connection with such new matter in that they had full opportunity to procure the information relative to the stipulation in question prior to the original trial.

With reference to such stipulation the evidence shows the following questions and answers in the record of the testimony of Mr. Strode, counsel for Johnson:

"A. Your Mr. Burns (counsel for appellee Thalman) prepared these stipulations in writing, prior to the trial. We were here in the side room, the jury room, with Mr. McClure (counsel for appellant) and Mr. Burns read each stipulation and represented that that was the way we understood the evidence and asked Mr. McClure if that was the fact. Every stipulation was read in the presence of McClure and he said those stipulations were true.

"Q. Whether or not, following that, these stipulations were agreed upon in court?

"A. Right.

"Q. Did you rely upon each one of these stipulations?

"A. We did.

"Q. Did you believe them to be true, the statements made in those stipulations?

"A. I did."

The matters contained within such stipulation were peculiarly within the knowledge of the appellant, and

appellees' counsel had the right to rely thereon. Don P. Strode, counsel for appellee Johnson, testified that he believed stipulation No. 19 to be true and that he did not learn of its falsity until appellant had filed its brief in the Appellate Court on appeal of the original cause. Earl Barnes, counsel for appellee Thalman, testified that he did not learn of the falsity of the stipulation until after appellant had filed its brief in the Appellate Court after trial of the original cause. The appellees Klein and Thalman testified directly to their lack of knowledge of the erroneous statement in the stipulation. Appellees under a fair consideration of the record herein had the right to rely upon such representations written into such stipulation, of matter which was entirely within the knowledge of appellant, and the trial court would be justified in determining that due diligence in the discovery of such new matter had been exercised by appellees. The order and judgment of the lower court granting a new trial was sustained by sufficient evidence and was not contrary to law.

Additional error assigned is that the court erred in overruling appellant's motion to modify its decree and judgment. In support of such motion the appellees contend that the new trial, if anything, should be limited to the lease year, 1943-1944. The appellant has cited no authorities under its proposition in support of such assigned error.

The general rule is that a new trial will only be granted as to the whole case and not as to separate issues. *Kessans* v. *Kessans* (1914), 58 Ind. App. 437, 108 N. E. 380; *Oglebay* v. *Todd* (1906), 166 Ind. 250, 76 N. E. 238; *Johnson* v. *McCulloch* (1883), 89 Ind. 270; *New Hampshire Fire Ins. Co.* v. *Wall* (1905), 36 Ind. App. 238, 75 N. E. 668; *Kahle* v. *Crown Oil Co.* (1913), 180 Ind. 131, 100 N. E. 681.

The court has the power where issues appear to be distinct and independent to grant a new trial as to such separate and independent issues. In the present case it appears that by reason of contentions presented by the parties as to rental deductions claimed, and by reason of the fact that all of the issues in the case are interdependent, it is apparent that justice will be done by the action of the trial court in granting a new trial as to the whole cause.

We find no reversible error, and the judgment is, therefore, affirmed.

NOTE.—Reported in 93 N. E. 2d 352.