SPRAGUE *v.* SOWASH ET AL.

[No. 18,306. Filed June 17, 1952.]

*Wendell C. Hamacher,* of Crown Point, for appellant.

*John R. Lynch,* of Crown Point, for appellees.

WILTROUT, J.—The sole question presented here is whether the trial court abused its discretion in not granting appellant a new trial by reason of newly-discovered evidence.

Appellees brought this action against appellant on an open account to recover the balance of $198.97 due for feed, grit, and poultry supplies sold appellant.

Appellant filed an answer under the Rules and a second paragraph alleging that the feed was not as represented; that it was not fit for the purpose for which it was sold. He also filed a counter-claim containing similar allegations and requesting damages in the amount of $250.00. Trial by jury resulted in a verdict and judgment in favor of appellee for the balance due on the account.

Appellant was the only witness to testify that the certain high energy or special feed was defective, unwholesome and unfit for the purpose for which it was sold. He testified to a feeding test administered to 535 chickens; that such chicks did not develop properly while other batches fed on other feed grew in a normal manner; that when he fed a portion of the 535 chicks

a different feed they resumed development, but those which remained on the high energy or special feed did not. There were several contradictions in his testimony. Evidence was also introduced that the test conducted was not a valid one because of, among other things, the unsanitary conditions under which it was conducted.

Appellant requested that the State Chemist's Office test the special feed. A sample was taken and a report made to appellant. The report made showed the percentage of moisture, crude protein, crude fat, crude fiber maximum, ash, and nitrogen free extract, and that the percentage of crude protein and crude fat were above the guarantee. The report made no reference to the ingredients which made up the test which were declared to be present by the manufacturer such as, for instance, alfalfa meal, corn meal or soybean oil meal.

Later appellant in a telephone conversation with an associate chemist in the office of the Indiana State Chemist stated that the feed contained raw soybeans. The associate chemist and a microscopist examined the sample and notified appellant that it did not contain this ingredient.

The associate chemist testified that he had direct supervision of registrations and chemical work and feed control work; that two tests are made, a chemical test and an inspection by a microscopist; that the latter inspection showed the ingredients present which were declared to be present by the manufacturer; that the report made "showed the ingredients on the tag, if it didn't it would show the notation that certain ingredients aren't identified or certain ingredients are identified;" that he supervised the analysis; that the report proves that the manufacturer had met his guarantee.

He further testified that, "you could have a feed with the same analysis that wouldn't be worth a cent, but with that list of ingredients you couldn't have." Another expert testified that with these ingredients present the feed would be a good feed.

The affidavits supporting the motion for a new trial state that after the trial appellant and his attorney interviewed the associate chemist and the microscopist; that affidavits were drawn for their signatures; that the microscopist verified an affidavit prepared for his signature as correct with the exception of one paragraph which was marked out with pen and ink, but refused to sign it. The microscopist did, however, sign an affidavit stating that he had no present recollection of examining the sample and that there is no laboratory record of his having done so. The associate chemist's affidavit states that he now finds the record does not show the sample to have been examined microscopically prior to the issuance of the report; that on a date after the issuance of the report and prior to the trial the sample was examined microscopically by himself and the microscopist, at which time raw soybeans was not found, no injurious substances were observed and no mustiness or rancidity was evident; that the record does not show whether or not other ingredients were present.

The showing as to the unsigned document is not sufficient to compel the granting of a new trial. An affidavit is required unless a sufficient excuse is shown for the failure to file it. The refusal of the witness to make the affidavit is not a sufficient excuse, as the court, upon application, will compel a witness to make an affidavit as to such facts as are within his knowledge. *Rater* v. *The State* (1875), 49 Ind. 507; *Huston* v. *Vail et al.* (1875), 51 Ind. 299;

*Gardner* v. *The State, ex rel. Stottler* (1884), 94 Ind. 489; *Williams* v. *State* (1923), 193 Ind. 670, 139 N. E. 657. No such application was made in this case.

Motions for new trial on the ground of newly-discovered evidence are looked upon with distrust and disfavor and should be granted with great caution. *Bartley* v. *Chicago & E. I. Ry. Co.* (1942), 220 Ind. 354, 41 N. E. 2d 805; *Parkman, Admr.* v. *Courson* (1937), 103 Ind. App. 206, 5 N. E. 2d 979. Whether such motions will be granted is a matter resting largely within the discretion of the trial court. The ruling of the trial court will not be disturbed on appeal except in cases of manifest abuse of such discretion. *Hull* v. *Burress* (1950), 120 Ind. App. 507, 93 N. E. 2d 213; *Montgomery Ward & Co.* v. *Thalman* (1950), 120 Ind. App. 473, 88 N. E. 2d 53, 89 N. E. 2d 294, 93 N. E. 2d 352; *Munson* v. *Quinn* (1942), 110 Ind. App. 277, 37 N. E. 2d 693; *Wahl Company* v. *Compton* (1941), 109 Ind. App. 631, 36 N. E. 2d 942. Before we would be justified in reversing the judgment of the trial court it must appear that the newly discovered evidence is so convincing as to raise a strong presumption that it would probably produce a different result if a new trial were granted. *Montgomery Ward & Co.* v. *Thalman, supra; Hull* v. *Burress, supra; Munson* v. *Quinn, supra.*

A new trial will not be granted on the ground of newly-discovered evidence where such evidence would merely impeach or contradict evidence given at the trial. *State Storage, Inc.* v. *Scheper* (1932), 95 Ind. App. 157, 181 N. E. 385; *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 62 N. E. 78; *Hicks* v. *State* (1938), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501.

The newly discovered evidence here is not such as would tend to disprove the allegations of the complaint

or prove the allegations of the counter-claim. Essentially the evidence is that there is no record of a microscopic examination of the sample before the report was issued and the microscopist has no present recollection of having examined it. The evidence is not to the effect that no such examination was made. This evidence would at most tend to impeach the witness or cast doubt upon his testimony should he testify at a new trial as he did at the first trial. The evidence is not necessarily in conflict with the evidence given on the trial. We do not regard it as so convincing that it would probably produce a different result at a new trial.

We conclude that an abuse of the trial court's discretion is not shown.

Judgment affirmed.

NOTE.—Reported in 106 N. E. 2d 471.